# Wheeling.

WEINBERG *v.* REMPE *et al.*

Decided December 13, 1879.

1879
Special Term.

1. If the time fixed by the court, by a rule to answer a bill on over-ruling a demurrer, be too short to enable the demurrant to prepare and file his answer at the time fixed, such demurrant should bring that fact to the attention of the court by motion or petition to extend the rule, supported by affidavit or affidavits showing the reasons therefor. If the demurrant fail to do this, generally the Appellate Court will not review the action of the court below in fixing the time for the filing of the answer.

2. On the 13th day of January. 1874, S. W. loaned to J. F, R. $1,000.00 for which he gave his note of that date, and he and his wife, Mary A., secured the payment thereof by a deed of trust on the separate real estate of said Mary A. This deed of trust was duly acknowledged by said J. F. R. and his wife, Mary A. with proper privy examination of the said wife, Mary A., on the 14th day of January, 1874, and was on the same day duly admitted to record in the clerk's office of the county court of Ohio county, in which said realty was situated. On the 3d day of November, 1874, said W. loaned said J. F. R. another $1,000.00 for which he gave his note of that date, and secured the payment thereof by another deed of trust made by him and his said wife, on the same property; this deed of trust was also duly acknowledged by said J. F. R. and his wife, Mary A., with full privy examination of the said Mary A., on the 5th day of November, 1874. and was on the same day duly admitted to record in the said clerk's office. On the 7th day of August, 1873, said J. F. R. and his wife, Mary A., conveyed to F. N., trustee, the same property but which was at that time the property of said J. F. R. "for the sole use and benefit of said wife of said J. F. R. and her heirs, with power to said trustee, F. N., to sell and convey said property on the written order of herself, and the money or other considera-

1879
Special Term.

Weinberg
v-
Rempe et cl.

tion to be paid only for the use and benefit of the said wife and her heirs." This deed was duly acknowledged by the said J. F. R. and wife, with full privy examination of the wife, on the 7th day of August, 1873, and was on the 8th day of August, 1873, duly admitted to record in the said clerk's office. The trustee, F. N., in this deed did not join or assent to either of said deeds of trust to secure said W. said debts. On February 27, 1873, said J. F. R. borrowed of said F. N. $1,000.00, and secured the same by deed of trust to J. N., trustee, on said property (which was then the property of said J. F. R.) which was duly acknowledged by the said J. F. R. and his wife, with the full privy examination of the wife, on the 27th day of February, 1873, and which was duly admitted to record in said clerk's office on the 7th day of February, 1876, some time after the said W.'s two deeds of trust had been duly admitted to record as aforesaid. At the times of W.'s said loans to said J. F. R. and the execution of said two deeds of trust by J. F. R. and wife to secure the same, and the acknowledgement and recordation thereof, and for a considerable time thereafter, he, W.. had no notice or knowledge of the existence of the said deed of trust so executed to secure the said debt of $1,000.00 to said F. N. The first $1,000.00' loan made to J. F. R. by said W., and secured as aforesaid, was loaned to pay on the back purchase-money due from said J. F. R. to one Walther, from whom said J. F. R. had purchased said property, upon which there was a lien for said back purchase-money, and it was so applied to the entire extinction thereof. The said second $1,000.00 loan made by said W. to said J. F. R., and secured as aforesaid, was borrowed by said J. F. R. to go into the business he was then following, being that of a merchant tailor, The said $1,000.00 loaned by said F. N. to J. F. R., secured by deed of trust as aforesaid was borrowed by J. F. R. to aid in completing the down payment of the purchase-money on said property by said J. F. R. to said Walther, and was so applied. The said Walther and wife conveyed said property to the said J. F. R. by deed dated the 4th day of January, 1873, before the execution of either of said deeds of trust, which was duly admitted to record in the said clerk's office on the 27th day of February, 1873. The court below held substantially upon this state of facts, that by virtue of the said two deeds of trust made by said J. F. R. and wife, duly acknowledged and recorded as aforesaid, and at the dates aforesaid, the said W. had the first liens on said separate estate of the wife, though the said F. N. trustee for the wife, had not assented to or signed said two deeds of trust to secure said W. his said debts, and that these liens were prior to that of the said deed of trust to secure to said F. N. his said debt of $1,000.00, recorded February 7th, 1876; that said J. F. R. and wife had full power under the deed of trust to F. N., trustee for

the wife, to charge the *corpus* of her, the wife's, said separate real estate by said two deeds of trust with the debts due said W. and that they, the said J. F. R. and wife, did thereby charge the *corpus* of said separate estate with the payment of said W.'s said two debts. HELD:

That the court below did not err in this respect. *Radford et al.* v. *Carwile et al.*, 13 W. Va. 572; *Harkins* v. *Forsyth et al.*, 11 Leigh 294.

3. A deed of trust unrecorded is void against subsequent purchasers without notice.

4. A deed of trust creditor is held to be entitled as a *purchaser* within the meaning and purview of the 5th section of ch. 74 of the Code of 1868 of this State, and so of a mortgagee.

5. Where the bill alleges that there are but two lienors, one of whom is plaintiff and the other a defendant, upon real property and the amount of such liens, and such lienors are deed of trust creditors, and the persons giving the deeds of trust are parties, and none of the parties controvert the allegations of the bill in this respect, or if said allegations are admitted, it is not essentially necessary for the court to refer the cause to a commissioner to ascertain and state the liens, if any, upon the property embraced in the deeds of trust, unless the court sees satisfactorily otherwise that there are other liens on the property. And where the credits, to which the said lienors' debts, or any of them, are justly subject, are but few and are not controverted, or are admitted by the parties in interest, whether they are all stated in the bill or not, it is not essentially necessary for the court to make such reference to a commissioner, but the court may in its discretion in such cases, ascertain the true amount of such lien debts after deducting the just credits, and decree accordingly the sale of the encumbered property for the payment thereof.

6. Though the time given in a decree of sale for the payment of a deed of trust or other lien debt be fixed in the decree at fifteen days only, the Appellate Court will nevertheless presume that the discretion of the court below has been properly exercised in this respect, if no application appears to have been made to that court for an extension of the time.

7. The *corpus* of a married woman's separate real estate can be affected, or charged, by the vendor's lien when it has been reserved, or by a conveyance or specific lien created by deed, in which her husband has united with her, and which she executed after privy examination, whether her trustee has in any way united in the deed creating the specific lien on the separate real estate or not, unless she is restrained by the instrument creating the separate

estate from so doing by express words, or by an intent so clear as to be the equivalent of express words.

An appeal from and *supersedeas* to a decree of the municipal court of Wheeling, rendered on the 26th day of June, 1878, in a cause in said court then pending, wherein Selig Weinberg was plaintiff and John F. Rempe and others were defendants, allowed upon the petition of Frederick Nolte.

Hon. Gibson L. Cramner, judge of the municipal court of Wheeling, rendered the decree appealed from.

The facts of the case are fully stated in the opinion of the Court.

*Davenport & Dovener*, for appellant.

*A. J. Clarke*, for appellee, cited the following authorities :

Code, ch. 74, §5; 2 Gratt. 309; 4 Leigh 266; *Id.* 349; 2 Leigh 104; 2 Lom. Dig. 489; Cowp. 280; 1 Rawle 231; 9 Paige 132; 11 Leigh 299; 9 Leigh 200, 208; Code, ch. 73; 7 W. Va. 713; 2 Rob. (old) Prac. 330; 2 Rand. 575; 1 Wash. 224; 1 Munf. 373; 4 H. & M. 511; 1 Johns. 580, 582, 590.

HAYMOND, JUDGE, delivered the opinion of the Court:

It appears in this case that on the second Monday of April, being a rule day, 1878, the plaintiff filed his bill in equity in the municipal court of Wheeling against John F. Rempe, Mary A. his wife, F. Nolte, in his own right and as trustee of said Mary A. Rempe, John Nolte, trustee, and Jacob Steinfield, trustee, defendants. The substantial parts of the bill are as follows : "The plaintiff complains and says that on the 4th day of January, 1873, Lawrence Walther and wife, by deed of that date, sold and conveyed to the defendant, John F. Rempe, the north half of lot numbered sixty-three, situate on the west side of the street then known as Jacob street, but

now called Chapline street, between the streets then known as Division and Preston streets, now called Twenty-sixth and Twenty-seventh streets, in the Sixth ward of the city of Wheeling, said lot having a front of twenty-five feet on Chapline street and extending back therefrom with the same width to Locust street, as will more fully and at length appear from a copy of the said deed duly certified and marked plaintiff's exhibit one, as part of this bill ; that on the 7th day of August, 1873, said John F. Rempe and Mary A. Rempe, his wife, called in said deed Mary Rempe, conveyed by deed of that date to the defendant, F. Nolte, in trust for said Mary A. Rempe, the aforesaid property ; that by said deed the beneficial interest and ownership in fee was in said defendant, Mary A. Rempe, all of which will appear by reference to a copy of said deed, marked exhibit two, and prayed to be taken as part of this bill; that on the 13th day of January, 1874, the said John F. Rempe and Mary A. Rempe, his wife, by deed of that date, duly signed and acknowledged, conveyed the aforesaid property to the defendant, Jacob Steinfield, erroneously called Jacob Stifel in said deed, to secure to the plaintiff the payment of a certain negotiable note made by said Rempe and dated even with said deed for $1,000.00, with interest payable quarterly, in twelve months from date, payable to said Selig Weinberg, all of which will more fully appear from the deed of trust and the said note herewith filed as part of this bill, and marked plaintiff's exhibits three and four, respectively. Said deed of trust was duly admitted to record and recorded in the office of the clerk of the county court of Ohio county, on the 14th day of January, 1874, as appears per the certificate of the clerk of said court. Said plaintiff says that the interest on said note was paid in full to July 13, 1876 ; that said note is long since due and is wholly unpaid, except as to the said interest and the credits hereinafter named, and that he has the first lien by virtue of said deed of trust on the said property to secure the payment of the amount still due him

on said note, viz: $1,000.00, with interest thereon from July 13, 1876, subject to the following credit, $1.72; $17.00, paid September 18, 1877; $30.00, October 31, 1877, and $35.00, December 18, 1877. That on the 3d day of November, 1874, the said John F. Rempe and Mary A. Rempe, his wife, by deed of that date, duly signed and acknowledged, conveyed the aforesaid property to the defendant, Jacob Steinfield, erroneously called Jacob Stifel in said deed, to secure to the plaintiff the payment of a certain other negotiable promissory note made by said John F. Rempe and dated even with said deed for $1,000.00, with interest payable quarterly, and due in twelve months from date, payable to the order of said Selig Weinberg, all of which will more fully appear from the original deed of trust and the said note herewith filed as part of this bill and marked plaintiff's exhibits five and six, respectively." He says that said second deed of trust was duly admitted to record and recorded in the office of the clerk of the county court of Ohio county, on the 5th day of November, 1874, as appears from the certificate of the clerk of said court endorsed on said deed of trust.

Said plaintiff further says that the interest on said note was paid in full to the 3d day of August, 1876; that said note is long since due and is wholly unpaid except as to said interest; and that he has by virtue of said last named deed of trust the second lien on the said property to secure the payment of the amount still due him on said note, viz: $1,000.00, with interest thereon from August 3, 1876.

He further says that the consideration of the two notes made by said John F. Rempe to him as aforesaid, was money loaned and in part for him, said Rempe, to pay off the balance of purchase-money due on said land to said Walther, and he says that at the time of the making and record of said deeds of trust, exhibits three and five as aforesaid, there were no other liens upon said property upon the land records of Ohio county, and that he, said

plaintiff, did not know of the existence of any other deed of trust or mortgage or other lien for the security of any debt upon said property; that said John F. Rempe and Mary A. Rempe, his wife, at the times of the execution and record of said deeds of trust three and five, had the full beneficial interest in said property, and had full right to convey the same for the security of the debts due said plaintiff, and that they did by said deeds so convey the same; that he is a creditor and purchaser of the aforesaid property to the extent of his aforesaid claims thereon, for valuable consideration, and without notice of any prior or other such deed of trust on the same property, and especially without notice of the deed of trust next hereinafter more specifically set out and described.

He further says, from a copy of the deed from the land record of said Ohio county, said John F. Rempe and his wife, by deed dated February 27, 1873, conveyed the same property to the defendant, John Nolte, to secure the payment of a promissory note of $1,000.00, of even date, with interest in two years after date, to the defendant, F. Nolte; that said deed of trust was duly presented for record in the office of the clerk of the county court of Ohio county, on the 7th day of February, 1876, and was on that day duly admitted to record, all of which will fully appear from a duly certified copy of said deed of trust herewith filed as plaintiff's exhibit seven, and prayed to be taken as part of this bill as if fully set forth therein.

He further says that this lien is the *third* lien (if it remain a lien at all) on said property, and is subject and subordinate to the prior liens of the two deeds of trust to secure the plaintiff as hereinbefore set out; that the same is void as to him, a subsequent purchaser for a valuable consideration, and without notice. He does not know of his own knowledge whether this claim has been paid off or not, or whether it was ever a *bona fide* claim at all, but, at all events, it appears upon the land records as an unreleased claim upon said property.

1879
Special Term.

Weinberg
v.
Rempe *et al.*

He further says that there are no other liens upon said property than those herein set forth, and that at the time of loaning the aforesaid sums of money to said Rempe and taking his said deeds of trust, he did not know of the existence of the deed (exhibit seven). He also says that the full amount now due him on said notes is the sum of $2,000.00; with interest on $1,000.00 from July 13, 1876, subject to the credits above set out, and on the other $1,000.00 from August 3, 1876. The plaintiff, therefore, prays that his said claims be established and confirmed as the first and second liens on said property, and that said Rempe be decreed to pay the same to him as plaintiff, and that in the case of default of the payment of the said amount of $2,000.00 and interest due the plaintiff by the said defendant, John F. Rempe, by a short day to be named by the court, that said property mentioned in said deed of trust be sold under the order of this court, and the proceeds of sale, after payment of the necessary costs and expenses of suit and sale, be applied under the direction of this court as far as may be necessary to the extinguishment of the said claims of the plaintiff. He asks such other and general relief as the court may see fit to grant.

Exhibit one referred to in said bill is filed, and is a deed of conveyance dated the 4th day of January, 1873, by Lawrence Walther and Mary, his wife, of the city of Wheeling, West Virginia, of the first part, to John F. Rempe for the realty in said bill mentioned as being conveyed to said Rempe. This deed appears to have been duly acknowledged for record by said Walther and his wife each on the 9th day of January, 1873, before a notary public of Ohio county, and was duly admitted to record in the clerk's office of the county court of Ohio county on the 27th day of February, 1873. The consideration mentioned in this deed is $3,000.00.

Exhibit two, referred to in plaintiff's bill is a deed dated the 7th day of August, 1873, from John F. Rempe and Mary Rempe, his wife, of Wheeling, Ohio county,

West Virginia, of the first part, to F. Nolte, trustee for the said Mary Rempe, of the same place, of the second part. The substantial parts of this deed are as follows, viz: "That in consideration of love and affection and of the sum of $5.00, the receipt of which is hereby acknowledged, the said parties of the first part do grant unto the said party of the second part the following described property—that is to say, the north half of lot numbered sixty-three (63), situated on the west side of Jacob street, now Chapline street, between Twenty-sixth and Twenty-seventh streets, formerly Division and Preston streets, in the Sixth ward of the city of Wheeling, West Virginia, with all and singular the improvements and appurtenances thereon or in anyway belonging thereto. Said lot has a frontage on Chapline street of twenty-five (25) feet, running back the same width to Locust street, being the same property as was conveyed by deed dated January 4, 1873, by Lawrence Walther and wife, Mary Walther, to the said John Rempe, and of record in the clerk's office of Ohio county, West Virginia, in deed book number sixty, folio two hundred and thirty-eight and two hundred and thirty-nine. The property hereby conveyed to said trustee is intended for the sole use and benefit of Mary Rempe and her heirs. Said trustee may sell and convey said property on the written order of herself and the money or other consideration to be paid only for the use and benefit of the said Mary Rempe and her heirs. And the said John F. Rempe and Mary Rempe, his wife, do hereby covenant with the said party of the second part that they will warrant generally the property hereby conveyed.

"Witness the following signatures and seals:

"JOHN F. REMPE,    [Seal.]

"MARY REMPE,    [Seal.]"

This deed appears to have been duly acknowledged for record by said John F. Rempe and Mary Rempe, each on the 7th day of August, 1873, before a notary public of Ohio county, and duly admitted to record in the

1879
Special Term.

Weinberg
v.
Rempe et al.

clerk's office of the county court of said county of Ohio, on the 8th day of August, 1873.

Exhibit three mentioned and referred to in said bill purports to be a deed of trust, dated the 13th day of January, 1874, from John F. Rempe and May A., his wife, of the city of Wheeling, West Virginia, of the first part, conveying to Jacob Stifel of the same place, of the second part, the real property mentioned and described in said bill as being thereby conveyed, with general warranty, *in trust* to secure to Selig Weinberg the prompt payment of the sum of $1,000.00 in twelve months after the date thereof, and the interest on the same as it accrues, payable quarterly, for value received; and the said deed of trust recites as follows, viz: "and as evidence of said sum the said John F. Rempe has given his promissory note in the words and figures following, to-wit:

'$1,000.00.    WHEELING, W. VA., January 13, 1874.

'Twelve months after date, I promise to pay to the order of Selig Weinberg the sum of $1,000.00, with interest from date payable quarterly, for value received, negotiable and payable at the First National Bank of Wheeling.

"[Signed]                JOHN F. REMPE.'

"And further to secure any note or notes that may be given in the renewal or extension of said promissory note, or any part of the same," &c.    This deed of trust is signed and sealed by said John F. Rempe and Mary A. Rempe each, and was duly acknowledged by said John F. Rempe for record on the 14th day of January, in the year 1874, before the clerk of the county court of the county of Ohio, in his office ; and as appears by the certificate of the same clerk was duly acknowledged and in due and proper form before the same clerk in his office, on the day and year last aforesaid, by said Mary A. Rempe ; and was on the same day and year duly admitted to record in the clerk's office of the county court Ohio county.

Exhibit four, mentioned and referred to in plaintiff's bill, is as follows, to-wit:

"$1,000.00.    WHEELING, W. VA., January 13, 1874.

" Twelve months after date, I promise to pay to the order of Selig Weinberg, the sum of one thousand dollars ($1,000.00), with interest from date payable quarterly, for value received, negotiable and payable at the First National Bank of Wheeling.

"JOHN F. REMPE."

This note is endorsed as follows—" Deed of trust to secure this note, admitted to record January 14, 1874.

"R. B. WOODS,
" *Clerk County Court O. C.*"

Exhibit number five, referred to in plaintiff's bills, purports to be a deed of trust dated the 3d day of November, 1874, between John F. Rempe and Mary A., his wife, of the city of Wheeling, in Ohio county, West Virginia, of the first part, and Jacob Stifel of the same place, of the second part, and conveys to the said Stifel with general warranty the real property mentioned in said bill as thereby conveyed, in trust to secure Selig Wienberg the prompt payment of the sum of $1,000.00 in twelve months after its date, and the interest on the same as it accrues, payable quarterly, for value received. Said deed of trust recites as follows : "And as evidence of the same the said John F. Rempe, has given his promissory note in the words and figures following to-wit: '$1,000.00. 'WHEELING, W. VA., November 3, 1874.

'Twelve months after date, I promise to pay to the order of Selig Weinberg the sum of one thousand dollars ($1,000.00), with interest from date payable quarterly, for value received, negotiable and payable at the First National Bank of Wheeling.

[Signed]    'JOHN F. REMPE.'

"And further to secure any note or notes that may be given in renewal or extension of said promissory note,

or any part thereof," &c. This deed of trust also is signed and sealed by said John F. Rempe and Mary A. Rempe each, and appears to have been duly acknowledged by the said John F. Rempe for record before the clerk of the county court of Ohio county, in his office, on the 5th day of November, 1874; and also appears to have been duly acknowledged for record in due form by the said Mary A. Rempe on the day and year last aforesaid before the same clerk in his office. And was duly admitted to record on the day and year last aforesaid in the clerk's office of the county court of Ohio county, by the clerk thereof.

Exhibit C, referred to in plaintiff's bill is as follows, viz:

"$1,000.00.   WHEELING, W. VA., November 3, 1874.

"Twelve months after date I promise to pay to the order of Selig Weinberg the sum of $1,000.00, with interest from date payable quarterly, for value received, negotiable and payable at the First National Bank of Wheeling.

"JOHN F. REMPE."

This note is endorsed as follows, viz:   "Secured by deed of trust admitted to record November 5, 1874.

"R. B. WOODS, *Clerk.*"

Exhibit seven mentioned and referred to in plaintiff's bill purports to be a deed of trust dated the 27th day of February, 1873, between John F. Rempe and Mary A. Rempe, his wife, of Wheeling, West Virginia, of the first part, and John Nolte of the same place, of the second part, whereby the said parties of the first part convey to the said party of the second part with general warranty, the real property in said bill mentioned as being thereby conveyed, in trust, to secure F. Nolte the payment of $1,000.00, as evidenced by a promissory note bearing even date therewith, and payable in two years after date, with interest, negotiable and payable at the German Bank of Wheeling by John F. Rempe, and signed by him. The right is reserved by the said John F. Rempe to pay off and lift said note at any time within said two years and

after six months from date. This deed of trust is signed and sealed by said John F. Rempe and Mary A. Rempe each, and was on the 27th day of February, 1873, duly acknowledged for record by said John F. Rempe before a notary public of Ohio county, and was duly acknowledged in due form by the said Mary A. Rempe for record before a notary public of said Ohio county on the day and year last aforesaid, and was afterwards on the 7th day of February, 1876, duly admitted to record in the clerk's office of the county court of said county of Ohio by the clerk thereof.

The parties defendant to the bill appear to have been duly summoned, and a decree *nisi* taken against each of them.

It appears that on the 20th day of June, 1878, the said John F. Rempe, Mary A. Rempe, and Frederick Nolte, in his own right, and as trustee for Mary A. Rempe, appeared and filed their several demurrers to the plaintiff's bill, and the plaintiff joined therein ; and the court overruled the said demurrers, and ordered that the said demurrants be ruled to answer said bill on the 21st day of June, 1878, at 10 o'clock A. M. It appears that on the said 21st day of June, 1878, on motion of defendant, Mary A. Rempe, the court allowed her to make her defense to this suit separately from her husband, and thereupon the defendants, Frederick Nolte, trustee for Mary A. Rempe, and in his own right, John F. Rempe, and Mary A. Rempe in her own right, each filed a separate answer to the plaintiff's bill, and to each of said answers the plaintiff filed a general replication.

Frederick Nolte in his answer, in his own right and as trustee &c., admits that defendant, John F. Rempe, became the owner in fee simple of the real estate in the bill mentioned and described in exhibit one to plaintiff's bill. He also admits that on the 7th day of August, 1873, said John F. Rempe and Mary A., his wife, conveyed the realty mentioned in exhibit one aforesaid to him, in trust for the sole use and benefit of Mary

1879
Special Term.

Weinberg
v.
Rempe et al.

A. Rempe and her heirs, as appears by exhibit two, filed with complainant's bill, and that it was duly admitted to record in the clerk's office of the county court of Ohio county, on the 8th day of August, 1873. He also says that he believes it to be true that on the 13th day of January, 1874, the said John F. Rempe and Mary A., his wife, attempted to convey to Jacob Stifel, as trustee, the property mentioned in said exhibit one, to secure a note for $1,000.00 of that date to the complainant, as set forth in said bill. He further admits that he believes it to be true that on the 3d day of November, 1874, the said Rempe and wife by deed of that date attempted to convey to Jacob Stifel, as trustee, the said realty mentioned in said exhibit one, to secure a note for $1,000.00 of that date to the plaintiff as set forth in his said bill. He further admits that on the 27th day of February, 1873, the said John F. Rempe and Mary A., his wife, conveyed to John Nolte, as trustee, to secure him (respondent) the payment by John F. Rempe of $1,000.00, evidenced by the promissory note of the said John F. Rempe bearing even date with the last mentioned deed, and that the same was duly admitted to record in the clerk's office of the county court of Ohio county, on the 7th day of February 1876.

He also says that the consideration of the last mentioned note of $1,000.00, payable to him by said John F. Rempe, was money loaned by him to said John F. Rempe, to make the first payment of the purchase-money to Walther for said realty mentioned in said exhibit one; that he believes said John F. Rempe was to pay $3,000.00 for said property, and at the time he purchased it he paid $2,000.00, $1,000.00 of which was the money so borrowed from him, respondent, and secured by the said deed of trust marked exhibit seven to plaintiff's bill. He denies the allegation in said bill, which says that the plaintiff did not know of the existence of any deed of trust or mortgage or other lien for the security of any debt, at the time he took the notes of John F. Rempe secured by exhibits three, four, five and six to

plaintiff's bill. He also says that at the time plaintiff loaned the money to John F. Rempe, as stated in his bill, and at the time said Rempe and wife executed the deeds of trust to Jacob Stifel, dated the 13th of January and November 3, 1874, respectively, the said John F. Rempe was not the owner of said realty mentioned and described in said deeds of trust, nor was the legal title to said realty mentioned and described in said deeds of trust to said Stifel in the said John F. Rempe or his said wife, but that the legal title to the same was held by him, respondent, as trustee, and that plaintiff well knew and had legal notice of that fact before the making of his said loan to said John F. Rempe, by the due recordation of said exhibit number two in the clerk's office of the county court of said Ohio county, on the 8th day of August, 1873, more than five mouths before the making of the first deed of trust to said Stifel, dated the 13th of January, 1874.

He also says that at the time of the making of said deed, exhibit two to plaintiff's bill, by said Rempe and wife, they were not, nor were either of them, indebted to plaintiff in any sum, and did not become indebted to plaintiff in any sum until about five months after the making and recording of said deed of the 7th of August, 1873, from said Rempe and wife to him, respondent, as trustee. . He further says that he had no knowledge that said Rempe and wife had conveyed or attemped to convey the realty mentioned in said exhibit two, until about the 7th day of February, 1876, when on account of a report to that effect he visited the said clerk's office and ascertained that such an attempt had been made, and that the deeds, exhibits three and five, were on record. He also says that at the time he loaned John F. Rempe the $1,000.00 aforesaid, which is secured by said deed of trust, exhibit seven, and at the time of executing said deed of trust the said John F. Rempe was the owner in fee simple of the said realty conveyed to said John Nolte

in trust; that at the time the said John F. Rempe made and executed said deed of trust, he was to pay the expense of making and recording the same, and there being no deed of trust on the property nor judgment liens he, respondent, did not have the same recorded at the time, he waiting for said Rempe to furnish money to pay for the recordation of said deed of trust, as per agreement; that the said deed of trust, exhibit seven, remained in his, respondent's, possession up and until said Rempe and wife conveyed the property mentioned in said exhibits one and seven, to-wit: On the 7th day of August, 1873, when there being no judgment liens or deeds of trust against said property, and he, respondent, then having the title within himself having the power to convey the legal title to said property as appears by said exhibit two, and said Rempe not having as yet paid him the money to pay for the recording of said deed of trust, exhibit seven, he, respondent, caused the said deed from said Rempe and wife to him, as trustee for said Mary A. Rempe, to be put on record on the 8th day of August, 1873, as appears by said exhibit two; that he still held the deed of trust from Rempe and wife to John Nolte, as trustee, and did not put it on record for the reason, that Rempe told him it was not necessary as between them to put the same on record, and he supposed that to be a fact, for the reason that no lien could be created upon said real estate without his, respondent's, knowledge and consent, and he avers the fact to be that at the time said real estate was conveyed by Rempe and wife to him, as trustee, there was no lien of any kind against said property.

He further says, that John F. Rempe's note for $1,000.00 held by him, nor any part thereof has ever been paid, but that there is still due him thereon $1,000.00 with interest from the 27th day of February, 1873. He further prays the court in conclusion by its decree to adjudge and order that his said claim of $1,000.00, together with its interest as aforesaid, be and is an existing lien upon said property from and after August 8, 1873,

with priority over all other claims whatsoever, executed or contracted subsequent to that date, &c.

The defendant, John F. Rempe, in his answer admits that he became the owner in fee simple on the 4th of January, 1873, of the realty described in exhibit one to plaintiff's bill. He also admits that he and his wife, Mary A., conveyed, on the 7th of August, 1873, the said realty mentioned in said exhibit one, to Frederick Nolte in trust for the sole use and benefit of his said wife and her heirs, as appears by exhibit two to plaintiff's bill, which was duly recorded in the clerk's office of the county court of Ohio county, on the 8th of August, 1873. He also admits that he and his said wife, on the 13th of January, 1874, attempted to convey to Jacob Stifel, as trustee, the realty mentioned and described in said exhibit one, to secure a note for $1,000.00 of that date to plaintiff, as set forth in his bill. He further admits, that on the 3d day of November, 1874, he and his said wife, Mary A., by deed of that date attempted to convey to said Stifel, as trustee, the said realty to secure a note for $1,000.00 of that date to plaintiff, as set forth in his bill. He also admits that on the 27th day of February, 1873, after the purchase by him of said realty and after the deed from Walther and wife to him for the same was duly admitted to record, he and his said wife conveyed the same to John Nolte, as trustee, to secure the defendant, Frederick Nolte, the payment by him of $1,000.00, evidenced by the promissory note of him, respondent, bearing even date with the last mentioned deed, and which said deed was duly admitted to record in the clerk's office of the county court of Ohio county on the 7th day of February, 1876.

He also says, that the consideration of this last mentioned note for $1,000.00, payable to said Frederick Nolte by him, was money loaned by said Nolte to him to make the first payment of the purchase-money to said Walther for the said realty, and that there still remains due to the said Frederick Nolte the sum of $1,000.00,

with interest from the 27th day of February, 1873 ; that he was to pay $3,000.00 as the purchase-money for said property, and at the time he purchased the same he paid $2,000.00, $1,000.00 of which was the money borrowed from said Nolte and secured by said deed of trust. He also says that at the time he borrowed said money from said Nolte, and made the deed of trust to secure the same, he was to pay for the recording of the deed of trust, and there being no deed of trust or lien upon said property, except the deed of trust to Lawrence Walther, he requested said Nolte not to put said deed of trust on record, until he could give him the money to pay for the recordation thereof, and as he at that time contemplated deeding said property to said Nolte for the benefit of his said wife, he did not deem it necessary to be in a hurry about the matter, and afterwards, when said beneficial deed was made, the matter passed out of his mind although he always knew, or believed, that said deed of trust was not yet recorded.

He further says that on or about the 13th of January, 1874, when the last payment of $1.000.00 became due and payable for said realty to said Walther, he applied for and received a loan of $1,000.00 from the plaintiff, to make said last payment, and gave plaintiff the deed of trust, exhibit three, to secure said loan ; that he was not asked as to whether any other deeds of trust were on record or had been given by him upon said realty by the plaintiff, and as he considered the property was of greater value than all the loans thereon, he did not consider it necessary to inform plaintiff of the lien of said note to Frederick Nolte. He also says that he did not inform said Frederick Nolte of the loans to him, respondent, by the plaintiff at the time said deeds of trust were made, nor afterwards, until enquired of as to them by said Nolte, about the 7th day of February, 1876, when he was about to put his said deed of trust on record. He also says that the plaintiff afterwards, about the 3d day of November, 1875, applied to him to take another $1,000.00

on said realty, stating to him that he might be able to use it in his business, which he consented to do, and the second loan of $1,000.00 from the plaintiff to him was made, which loan was not in any way for the benefit of said property belonging to his said wife, but was for the benefit of him, respondent, alone, and used in his private business.

The defendant, Mary A. Rempe, in her answer says that on or about the 13th day of January, 1874, when the last payment of $1,000.00 became due and payable for said property to said Lawrence Walther, her said husband, the said John F. Rempe, applied to and received a loan from the complainant, Selig Weinberg, to make said last payment, and gave said complainant the deed of trust, marked exhibit three, to secure said loan, this defendant joining in said deed, and while the defendant signed said deed, and the money, as she is informed, was applied to the payment of this last installment of purchase-money on the property mentioned and described in exhibit one of complainant's bill, yet said loan was made to John F. Rempe, her husband, and not to this defendant; that the credit was given by the said complainant, Weinberg, to said John F. Rempe, and not to this defendant, and was so understood by the said complainant; that this defendant in signing said deed had no intention of charging her separate estate or to become security for the payment of said debt, or bind her separate estate for the payment thereof in any manner whatever, and had any such explanation or intention been made known to her, she would not have signed said deed; that afterwards, on or about the 3d day of November, 1874, John F. Rempe, the husband of this defendant, requested this defendant to join him in another deed of trust to secure the said Selig Weinberg in another further sum of $1,000.00, and directed this defendant to accompany him to the office of the clerk of the county court of Ohio county and sign said deed, which she acccordingly did, on the 5th day of November, 1874. The defendant avers that no part of

1879
Special Term.

Weinberg
v.
Rempe et al.

said last mentioned loan of $1,000.00 was used for the benefit of this defendant or her heirs, nor was any part or fraction of it applied either directly or indirectly for the benefit, emolument or advantage of the separate estate of this defendant, but was used and controlled by the said John F. Rempe in his own private affairs and business ; that the credit for this last $1,000.00 was given to the said John F. Rempe, and not to this defendant, and this defendant did not sign said deed securing said last mentioned loan with any intention to bind or charge her separate estate, and it was so understood by the said plaintiff at the time of making said loan and signing said deeds, marked exhibits three and five of complainant's bill. And this defendant now here utterly repudiates the said debt, and denies being responsible in any manner for the payment of the same.

Her answer in other respects is about the same in substance as that of her husband, and I therefore deem it unnecessary to state it further, except to say that she concludes by praying the court to protect her interest in her separate estate, &c.

The bill and answers are respectively verified by affidavit.

A number of depositions were taken in the cause by plaintiff and defendants, which I deem it unnecessary to set out at this place, but will hereinafter refer to so much of the same as I deem material.

On the 26th day of June, 1878, the court made and entered the following decree in the cause, viz : " This cause came on again to be heard upon the summons duly served upon all the defendants, the bill and exhibits, the separate answers of Frederick Nolte in his own right and as trusteee of Mary A. Rempe, of John F. Rempe and Mary A. Rempe, and general replication filed to each of said answers, and upon the depositions of Selig Weinberg, Andreas Wolf and Robert B. Woods, taken for the plaintiff, and the depositions of defendants, Frederick Nolte, John F. Rempe and Mary A. Rempe, taken for

the defendants. The defendants, Jacob Steinfield and John Nolte, still failing to appear or plead, answer or demur, said bill is as to them taken for confessed, and said cause was thereupon argued by counsel. Upon consideration whereof the court doth find that there is due to the plaintiff, Selig Weinberg, computing interest to the 25th day of June, 1878, an aggregate of principal and interest amounting to $2,146.95 upon his two demands mentioned in his bill of complaint; that the said debt of $2,146.95 and interest is chargeable upon the parcel of land in said bill described—that is to say: upon the north half of lot numbered sixty-three (63), situate on the west side of the street formerly known as Jacob street, but now called Chapline street, between the streets formerly known as Division and Preston streets, now called Twenty-sixth and Twenty-seventh streets, in the Sixth ward of the city of Wheeling, and county of Ohio, said property having a front of twenty-five feet on Chapline street and extending back therefrom with the same width to Locust street. And the court doth further find that there is due to the defendant, Frederick Nolte, computing interest to the 25th day of June, 1878, an aggregate of principal and interest amounting to $1,319.67 upon the demand set up in his answer; that the same is also chargeable upon the land above described; that said debt due the plaintiff, amounting to $2,146.95, with interest thereon from the 25th day of June, 1878, is the *first* lien upon the said land, and that the debt due Frederick Nolte, amounting to the sum of $1,319.67, with interest thereon from the 25th day of June, 1878, is the *second* lien upon the same land, and that there are no other liens upon said land. It is thereupon adjudged, ordered and decreed, that unless the said defendants, or one or more of them, within fifteen days from the entering of this decree, pay the demand of the plaintiff aforesaid to him, with interest thereon as aforesaid, and the costs of this suit, then shall A. J. Clarke, who is hereby appointed a special commissioner for the purpose, proceed

to sell the parcel of land above specified to pay the said debts and interest and the costs of this suit and sale, notice of the time, place and terms of such sale being first given by advertisement published at least once a week, or oftener if the commissioner deems it advisable, for four successive weeks in some newspaper printed in the city of Wheeling, and which sale shall be on the following terms : One-third of the purchase-money in cash in hand and the residue in two equal annual payments, with interest thereon from the day of sale, the purchaser giving bond with personal security for the deferred payments, and the title to be retained as further security until payment in full, but with liberty to the purchaser to pay all or a greater proportion than one-third in hand ; and said commissioner is directed to make a report of his proceedings to the court in order to a final decree, but before proceeding to make such sale, said commissioner shall give bond with security to be approved by the clerk of this court, and payable according to law, in the penal sum of $3,000.00, conditioned for the faithful performance of his duty as such comnissioner."

From and to this decree the defendant, Frederick Nolte, in his own right and as trustee for Mary A. Rempe, obtained from this court an appeal and *supersedeas*.

The appellant in his petition for an appeal and *supersedeas* has assigned the following as errors in said decree, for which the said decree should be reversed, viz :

" 1st. In this, that the court erred in overruling your petitioner's demurrer to the bill of complaint in the said suit.

" 2d. The court erred in decreeing the debt of John F. Rempe to be a lien upon the property described in the bill, John F. Rempe not being the owner thereof at the time of the execution of the deed of trust to secure the debt of Weinberg.

"3d. The court erred in entering said decree without

passing on the validity of the deeds of trust filed as exhits numbers three and five with the bill of complaint.

"4th. The court erred in this, that after overruling the petitioner's demurrer, time enough was not allowed by the rule to answer within which to prepare his answer.

"5th. The court erred in decreeing that Weinberg had the *first* lien upon the property described in the bill.

"6th. The court erred in entering said decree without first having referred said cause to a commissioner to take an account and state the liens, if any, upon said property, together with their priorities.

"7th. The court erred in entering said decree, because it appears that at the time John F. Rempe contracted the debt with Selig Weinberg the deed from John F. Rempe and wife to your petitioner, as trustee for Mary A. Rempe, was on record and had been for about five months before, and by the terms of said deed, as well as in law, this petitioner had the legal title to said real estate, and John F. Rempe and wife could not make such a conveyance as was attempted to be made, and of this fact Weinberg had notice. It also appears by the depositions that this petitioner had no knowledge of said debt of Weinberg's, or the attempted conveyance to secure the same, until long after they were made, and never gave any assent thereto.

"8th. Your petitioner's claim should have been held to have been the first lien against said real estate described in the bill.

"9th. Because it does not appear that at the time Weinberg loaned said money to John F. Rempe, he knew Mrs. Rempe had any separate estate, or that he gave the credit to her, or that she had any intent to charge her separate estate with the payment of said loan, but by an inspection of the answers filed in said cause, as well as the depositions of Weinberg, Rempe and Mrs. Rempe, the contrary appears.

"10th. Because even if the first loan made by Weinberg to J. F. Rempe was a charge on the separate estate

of Mrs. Rempe (on the ground that the money was used for the benefit of her estate), yet it was error to decree the second loan to John F. Rempe by Weinberg to be a charge and the first lien upon her separate estate, it appearing not to have been used for the benefit of her separate estate, but by Rempe himself, to whom the credit was given.

"11th. Because even if the decree in other respects be not erroneous, yet the time mentioned in said decree within which the said defendant should pay said sum of money directed by said decree, and upon default a sale of the property was ordered, was too short and was not a reasonable time. And for other errors manifest upon an inspection of the record in said cause."

I will now proceed to the consideration and determination of this cause upon the facts and the law and the rules and principles governing courts of equity. In the first place I deem it proper to remark, that the acknowledgement and privy examination of Mary A. Rempe to each and all the deeds of trust hereinbefore mentioned are full and complete. No defect therein has been suggested by counsel. The certificates of acknowledgment and privy examination are in accordance with the requirements of our statute in such case touching married women.

*As to appellant's first assignment of error :* I see no error in the court in overruling the demurrers to the bill. The plaintiff's bill manifestly upon its face contains sufficient equitable matter to give the court jurisdiction of the subject-matter thereof. And indeed no reason has been assigned by the appellant's counsel showing why the court erred in overruling the said demurrers. See *Radford et al.* v. *Carwile et al.,* 13 W. Va. 572. But I will remark further upon this subject in considering some of the other assignments of error touching to some extent the matters covered by the demurrers.

*As to the appellant's third assignment of error :* This assignment of error, it seems to me, is not well taken. The

court in entering the decree it did necessarily passed upon the validity of the said deeds of trust filed with the bill as exhibits three and five. In fact the decree directly establishes the validity of said deeds of trust. As to whether the court erred in establishing the validity and binding effects of said deeds of trust, exhibits three and five, will be hereinafter considered under other heads.

*As to the appellant's fourth assignment of error:* As we have seen, the court overruled the demurrers to the bill on the 20th day of June, 1878, and thereupon entered a rule that each of the demurrants answer on the 21st day of June, 1878, thus giving to the demurrants one day in which to file their answers. The 30th section of chapter 125 of the Code of this State of 1868, provides that " A plaintiff in equity may have any plea or demurrer set down to be argued. If the same be overruled, no other plea or demurrer shall afterwards be received, but there shall be a rule upon the defendant to answer the bill ; and if he fail to appear and answer the bill on the day specified in the order, the plaintiff shall be entitled to a decree against him for the relief prayed for therein." It will be observed that this section of the Code does not fix any *maximum* or *minimum* time in which the demurrant may be ruled to answer when his demurrer is overruled. The time is properly left by the statute to the sound discretion of the court according to the circumstances of each case ; and under some circumstances where the Appellate Court sees that the discretion has been abused and the demurrant injured thereby, it will interfere and review and reverse the action of the court below therefor ; but ordinarily the time to be fixed must to a great extent be left to the court below. Whether one day was too short a time for the demurrant to be ruled to answer in this case, this Court cannot decide, as the record now stands. One day in some cases would be amply sufficient, and in other cases, under circumstances made to appear, would be insufficient. All that could be required or expected of the court below is that it should allow a reasonable

time to the demurrant to file his answer, and that must be determined to a very great extent by the nature of the case and circumstances then appearing to the court. But I apprehend there can be no doubt that where the court has ruled a demurrant to answer at a particular time, the court may for good cause shown extend the rule to a further time upon motion of the demurrant. As for instance, where the demurrant shows by affidavit to the court in support of his motion to extend the rule good and sufficient reasons why he has not been able to prepare and file his answer within the time given.

In this case the appellants nor any other party to the cause, did not raise the question in the court below in any form as to the insufficiency of the time given the demurrants to file their respective answers. Neither of them complained to the court below that the time given was too short; nor did they, or any of them, ask the court to extend the time, or pretend to show any cause therefor. But on the contrary each of the demurrants appeared on the day fixed and promptly filed their answers at great length. The answer of the demurrant, Frederick Nolte, appears to have been prepared and verified by affidavit on the 15th day of May, 1878, over a month prior to the time the demurrer was overruled and the rule to answer made. The answer of the demurrant, John F. Rempe, appears to have been prepared and verified by affidavit some two or three days prior to the date of the other answer, and the answer of the said Mary A. Rempe was sworn to on the 21st day of June, 1878, the day fixed by the court for the filing of the answer. Under these circumstances surely it cannot be successfully maintained, that this court should hold that the time fixed for the demurrant to answer the bill in this case was unreasonably short, and that demurrants were prejudiced thereby. If the time fixed by the court by a rule to answer a bill on overruling a demurrer be too short to enable the demurrant to prepare and file his answer at the time fixed, such demurrant should bring

that fact to the attention of the court by motion or petition to extend the rule, supported by affidavit or affidavits showing the reasons therefor. If the demurrant fail to do this, generally the Appellate Court will not review the action of the court below in fixing the time for the filing of the answers.

*As to the appellant's fifth and eighth assignments of error :* The pleadings and evidence show that on the 13th day of January, 1874, the appellee, Selig Weinberg, loaned to defendant, John F. Rempe, $1,000.00, for which he gave his note of that date, and he and his wife Mary A. secured the payment of the same by a deed of trust on the realty in the bill mentioned, being the same property which the court by its said decree of June 26, 1878, decreed to be sold. This deed of trust was duly acknowledged by said Rempe and his wife, Mary A., with proper privy examination of the wife on the 14th day of January, 1874, and was on the same day duly admitted to record in the clerk's office of the county court of the county of Ohio in which county the property was situated. On the 3d day of November, 1874, said Weinberg loaned said John F. Rempe another $1,000.00, for which he gave his note of that date, and secured the payment thereof by another deed of trust made by him and his said wife on the same property ; this deed of trust was duly acknowledged by said Rempe and wife, with full privy examination of the wife, on the 5th day of November, 1874, and was on the same day duly admitted to record in the clerk's office of the county court of the said county of Ohio. On the 7th day of August, 1873, said Rempe and wife conveyed to the appellant Frederick Nolte, trustee, the same property "for the sole use and benefit of Mary A. Rempe and her heirs. Said trustee may sell and convey said property on the written order of herself, and the money or other consideration to be paid only for the use and benefit of the said Mary Rempe, and her heirs." This deed was duly acknowledged by the said Rempe and wife, with full privy examination of the

wife, on the 7th day of August, 1873, and was on the 8th day of August, 1873, duly admitted to record in the clerk's office of the county court of Ohio county. The trustee, Frederick Nolte, in this deed did not join in either of said deeds of trust, to secure Weinberg's said debts. On February 27, 1873, said John F. Rempe borrowed of said Frederick Nolte $1,000.00, and secured the same by deed of trust to John Nolte, trustee, on said property which was duly acknowledged by the said Rempe and wife, with the full privy examination of the wife, on the 27th day of February, 1873, and which was duly admitted to record in said clerk's office on the 7th day of February, 1876.

At the time of Weinberg's said loans to John F. Rempe, and the execution and delivery of said deeds of trust to secure the same, and the acknowledgemnt and recordation thereof, and for a considerable time thereafter he, Weinberg, had no notice or knowledge of the existence of the said deed of trust so executed to secure the said debt of $1,000.00 to said Frederick Nolte. The first $1,000.00 loan made to John F. Rempe from said Weinberg, and secured as aforesaid, was borrowed to pay on the back purchase-money due from said Rempe to one Walther, from whom said Rempe had purchased said property, upon which there was a lien for said back purchase-money, and it was so applied to the entire extinguishment thereof. The second $1,000.00 loan made by said Weinberg to said Rempe, and secured by deed of trust on said property as aforesaid, was borrowed by said Rempe to go into his business he was then following, being that of merchant tailor. The $1,000.00 loaned by said Frederick Nolte to said Rempe, secured by deed of trust as aforesaid, was borrowed by said Rempe to aid in completing the down payment of the purchase-money on said property by said Rempe to said Walther, and was so applied. The said Walther and wife conveyed said property to the said John F. Rempe by deed

dated the 4th day of January, 1873, which was duly admitted to record on the 27th day of February, 1873.

The court below held that by virtue of the said deeds of trust, exhibits three and five, made by Rempe and wife, duly acknowledged and recorded as aforesaid, and at the dates aforesaid, the said Weinberg had the first liens on said property, though the trustee, Frederick Nolte, had not assented to or signed said two deeds of trust, and that these liens were *prior* to that of the said deed of trust to secure to said Frederick Nolte his said debt of $1,000.00, recorded February 8, 1876; that said Rempe and wife had full power under the deed of trust to Frederick Nolte, trustee for said Mary A. Rempe, to charge the *corpus* of her said separate real estate by said deeds of trust with the debts due Weinberg, and did thereby charge the *corpus* of said separate estate. It appears that until about the 7th day of February, 1876, when it was admitted to record, the said Weinberg had no notice or knowledge of the existence of said Frederick Nolte's said deed of trust, exhibit seven, bearing date February 27, 1873; and when he took his, Weinberg's, said two deeds of trust, exhibits three and five, there was nothing upon record in the clerk's office of the county court of Ohio county, or in existence elsewhere of which he had notice or knowledge, to furnish him with notice or knowledge of the said deed of trust lien, exhibit number seven, of said Frederick Nolte.

The 4th and 5th sections of ch. 74 of the Code of 1868 of this State provides as follows, viz : " 4. Any contract in writing, made in respect to real estate or goods and chattels, in consideration of marriage, or made for the conveyance or sale of real estate, or a term therein of more than five years, shall, from the time it is duly admitted to record, be, as against creditors and purchasers, as valid as if the contract was a deed conveying the estate or interest embraced in the contract. 5. Every such contract, every deed conveying any such estate or term, and every deed of gift, or deed of trust or mortgage, con-

108

veying real estate or goods and chattels, shall be void as to creditors and subsequent purchasers for valuable consideration without notice, until and except from the time that is duly admitted to record in the county wherein the property embraced in such contract or deed may be."

Syllabus 3.    A deed of trust unrecorded is void as against subsepurchasers without notice. *Price* v. *McClanachan et al.*, 2 Gratt. 309, side page; *Bird* v. *Wilkinson*, 4 Leigh 266; *Beck* v. *DeBaptiste, Id.* 349.    A deed of trust creditor Syllabus 4.    is held to be entitled as a purchaser within the purview and meaning of the said 5th section of said ch. 74 of the Code. *Tate* v. *Liggatt*, 2 Leigh 104; 2 Lom. Dig. 489.    A mortgagee is also a purchaser within the sense of said 5th section.    2 Lom. Dig. 458; *Chapman* v. *Emory*, Cowp. 280; 1 Rawle 231; 9 Paige 132; *Wick & Goshorn* v. *Lewis Martin & Co.*, 13 Gratt. 427, and opinion of Judge Daniel, 437; §9, ch. 73, Code of W. Va. of 1868.

The appellant's fifth and eighth assignments of error are not well taken, if Weinberger's said two deeds of trust are valid as to said Mary A. Rempe, which point is hereinafter considered.

*As to the appellant's sixth assignment:*    The bill in this case alleges, that there are but two lienors against the said property, and the amounts and just credits to which each are subject.    The answers do not controvert these allegations.    The credits are but few and are small, and they apply only to Weinberg's debt.    It is also proven by Weinberg that the interest was paid in full on his first note to July 13, 1876, and on his second note to August 3, 1876, and that in addition thereto John F. Rempe paid him $1.72; $17.00 paid September 18, 1877; $30.00 October 31, 1877; and $35.00 December 18, 1877. The payments and credits are in no way controverted, nor is it claimed by any party that there are or should. Syllabus 5.    be any other credits on any of the debts secured.    Where the bill alleges that there are but two lienors, one of whom

is a plaintiff and the other a defendant, upon real property and the amount of such liens, and such lienors are deed of trust creditors, and the persons giving the deeds of trust are parties, and none of the parties controvert the allegations of the bill in this respect, or if such allegations are admitted, it is unnecessary for the court, before decree of sale, to refer the cause to a commissioner to ascertain and " state the liens, if any, upon the property embraced in the deed of trust," unless the court sees satisfactorily otherwise that there are other liens on the property. And when the credits, to which the lienor's debts, or any of them, are justly subject, are but few and are not controverted, or are admitted by the parties in interest, it is not essentially necessary for the court to make such reference to a commissioner, but the court may in such case in its discretion ascertain the true amount of such lien debts after deducting the credits, and decreee accordingly the sale of the encumbered property. I do not see what good could be accomplished by a reference in such a case. The only effect of a reference in such a case would be to create unnecesssarily additional costs and cause unnecessary delay. There are undoubtedly many cases in which the court should not enter a decree of sale of encumbered property, without first referring the cause to a commissioner to ascertain and state the liens, their respective amounts and priorities, but it seems to me that the case at bar is not one of that class. The appellant's sixth assignment of error is not well taken and is overruled.

*As to the appellant's eleventh assignment of error :* The decree of sale directs that unless the said defendants, or one or more of them, within fifteen days from the entering of this decree do pay, &c. In the case of *Harkins* v. *Forsyth et al*, 11 Leigh 294, a part of the syllabus of the case is as follows : " When a foreclosure is decreed, the court is to exercise a sound discretion in relation to the period of redemption, and fix it according to the circumstances of the case. The usual time is six months ; but

1879
Special Term.

Weinberg
v.
Rempe *et al.*

Syllabus 6.

less may be allowed. Though the time allowed for redemption be only thirty days, an Appellate Court will, nevertheless, presume that the discretion of the court below has been properly exercised, if no application appears to have been made to that court for an extension of time." Upon the principles settled in this case it seems to me, that though the time given in a decree of sale for the payment of the deed of trust, or other lien debt, be fixed in the decree at fifteen days only, the appellate court will nevertheless presume that the discretion of the court below has been properly exercised in this respect, if no application appears to have been made to that court for an extension of the time. The appellant's eleventh assignment of error is not well taken and is overruled.

*As to the appellant's second, seventh, ninth and tenth assignments of error:* I concluded to consider all these assignments of error together, because they each and all are connected, and to a very great extent involve the same questions. In the case of *Radford et al* v. *Carwile et al*, 13 W. Va. 572, the law of this State relating to or affecting the rights and powers of married women, as to their separate property, recently received the elaborate consideration of this court, reference to which is here made. A married woman, as to property settled to her separate use, is to be regarded as a *feme sole*, and has a right to dispose of all her separate personal estate, and the rents and profits of her real estate accruing during the coverture, as if she were a *feme sole*, unless her power of alienation is restrained by the instrument creating the estate. Such restraint upon her power of alienation will not be implied from her being authorized to dispose of the property in a specified manner. Such restraint must be either express or implied, or so clearly indicated as to be equivalent to an express restraint.

The *jus disponendi* is an incident to the ownership of a separate estate; and it can only be taken away, or limited, by express words. The liability of the separate estate of a married woman to the payment of all her debts, in-

curred during coverture, is also an incident of the owner-ship of such separate estate ; and it too can only be taken away by express words. But these incidents, liability to the payment of her debts and her *jus disponendi*, extends no further than to all her separate personal property and the rents and profits of her separate real estate accruing during her continuance of the coverture. The *corpus* of her separate real estate is in no manner affected by the equitable doctrine of a separate estate, which was devised to prevent the acquisition by the husband of his marital rights to all her personal property, and the rents and profits of the real property during coverture. The common law effectually protected the *corpus* of her real estate against her husband's control, and against his debts. And her common law disability to make any contract, or incur any debt, during her coverture, which will in any manner affect or charge the *corpus* of her real estate, whether such real estate be separate property, or not, is still in full force. *The corpus of her real estate can only be affected, or charged, by the vendor's lien when it was reserved, or by a conveyance or specific lien created by deed, in which her husband has united with her,* and which she executed after privy examination. These principles were settled in the case in 13 W. Va. last above cited after a most elaborate consideration thereof by this Court.

In the case of *Lee et al.* v. *The Bank of the United States,* 9 Leigh 200, "by post nuptial deed of settlement, reciting that the husband had sold his wife's estate, and she had joined in the conveyance thereof, under a promise from him to settle an equivalent on her, therefore, the husband conveys real estate to a trustee. 1. To the separate use of the wife for life, unless she should, in writing under her hand, direct trustee to sell and convey the whole or any part of trust-subject, in which case he should hold the proceeds of sale subject to the separate use and order of wife. 2. After wife's death to the use of husband for life. And 3. After husband's death, to and for the use of the devisees or heirs of wife, to be divided and

1879
Special Term.

Weinberg
v.
Rempe *et al.*

conveyed to them in such portions as she shall by *will* direct, or the law of the land in that case made and provided shall determine. By mortgage afterwards executed by husband and wife, the wife duly joining, but the trustee in the settlement nowise joining in the same, the same real estate is mortgaged to creditors of husband to secure a just debt due from him. Held: 1. That under the deed of settlement the wife has full power to dispose of the whole estate in the trust-subject, by *deed* in her lifetime duly executed by her husband and her according to the s'atute of conveyances, as well as by *will*; and therefore, 2. That the mortgagees are entitled to have the whole estate in the trust-subject sold for satisfaction of their debt." It seems then clear from the principles settled in said case of *Radford et al.* v. *Carwile et al.*, 13 W. Va. 572, and the case last above cited, that the *corpus* of a married woman's separate real estate can be affected, or charged by the vendor's lien, when it has been reserved, or by a conveyance, or specific lien created by deed in which her husband has united with her, and which she executed after privy examination, whether her trustee has in any way united in the deed creating the specific lien on the separate real estate or not; unless she is restrained from so doing by express words, or by an intent so clear as to be the equivalent of express words.

Such being the law applicable to this case, is there anything express or to be implied in the deed to Frederick Nolte, trustee, exhibit number two, to restrain defendant, Mary A. Rempe's general power of disposition of the *corpus* of her said separate estate thereby created? The clauses showing the trust and pointing out one particular way of disposing of the real estate are, as we have seen, as follows: "The property hereby conveyed to said trustee is intended for the sole use and benefit of Mary A. Rempe and her heirs. Said trustee may sell and convey said property on the written order of herself, and the money or other consideration to be paid only for the use and benefit of the said Mary A. Rempe and her heirs."

There are no negative words in the deed creating the separate estate restraining her power of disposition or restricting it to the one mode therein designated, nor is there any thing sufficient showing that the grantor intended to exclude her from disposing of the property in any other mode. It seems to me, therefore, that said Mary A. Rempe had, under the said deed creating her said separate estate, full power to encumber the *corpus* of the estate by deed or deeds of trust, her husband joining with her in such deeds of trust, and she being privily examined, &c., according to the statute, as was done in the two deeds of trust executed to secure said Weinberg in the payment of his said two debts.

This leads me to the enquiry : Has she encumbered her said·separate real estate in the present case so as to bind the *corpus* thereof? She executed the two deeds of trust to secure said Weinberg's said two debts (exhibits three and five) in connection with her husband. She was privily examined as to both of them, and upon their being fully explained to her she acknowledged their execution and declared that she did not wish to retract it, fully in the form prescribed by law; and they were thereupon duly admitted to record as to both husband and wife. The 6th section of chapter 73 of the Code of this State of 1868 provides, that "when the privy examination, acknowledgement and declaration of a married woman shall have been so taken and recorded in the recorder's office, or when the same shall have been so taken and certified as aforesaid, and the writing to which such certificate is annexed, or on which it is, shall have been delivered to the proper recorder and admitted to record as to the husband as well as to the wife, such writing shall operate to convey from the wife her right of dower in the real estate embraced therein, and pass from her and her representatives all right, title and interest of every nature, which at the date of such writing she may have in real estate conveyed thereby, as effectually as if she were, at said date, an unmarried woman," &c. I do

1879
Special Term

Weinberg
v.
Rempe *et al.*

not understand from the answer of said Mary A. Rempe, that she therein expressly charges that her signature to said deed and acknowledgement thereof for record was obtained by the fraud or undue influence of Weinberg, or her husband. She simply says in her answer "that this defendant in signing said deed had no intention of charging her separate estate or to become security for the payment of said debt, or to bind her separate estate for the payment thereof in any manner whatever, and had any such explanation or intention been made known to her, she would not have signed said deed." This she says as to the first deed of trust for the security of Weinberg. As to the second deed of trust for the security of said Weinberg she says: "and this defendant did not sign said deed securing said last mentioned loan with any intention to bind or charge her separate estate, and it was so understood by the said complainant, Weinberg, at the time of making said loan and signing said deeds marked exhibits three and five, complainant's bill. And this defendant, now here utterly repudiates the said debt, and denies being responsible in any manner for the payment of the same."

Can these statements in the answer be fairly construed by proper implication into a charge by way of defense, that her signature to said deeds of trust were procured from her by the fraud of Weinberg? I humbly think not. But if I should be mistaken in this, if the said statements in said answer can be construed in any way to amount to a charge of fraud against said Weinberg, then it must be held that the charge of fraud is affirmative matter alleged in the answer by way of defense, and it is incumbent on the defendant, Mary A., to prove the charge clearly. But there is no evidence even tending to prove any fraud as against said Weinberg, or any of said statements of said Mary A. Rempe in her said answer. But the said statements of said Mary A. in her answer are utterly inconsistent with her acts. At the time she signed said two deeds of trust to secure Wein-

1879
Special Term.

Weinberg
v.
Rempe et al.

berg, she had no other interest in said real estate thereby conveyed except her separate estate, and if she did not sign said deeds ot trust to affect or bind the *corpus* of her said separate real estate, for what reasonable purpose could she have signed them? None that I can see. There is no pretence in the answer that her signature was procured to said deeds or any of them by undue influence. And the evidence falls far short, in my judgment, of proving any such fact.

In *Harkins* v. *Forsyth et al.* 11 Leigh 294, the syllabus in first part thereof is as follows: " After husband and wife have signed, sealed and delivered a deed of mortgage, two justices of the peace certify in the form prescribed by the statute, that she personally appeared before them, and being examined privily and apart from her husband, and having the deed fully explained to her, she acknowledged the same to be her act and deed, and declared that she had willingly signed, sealed and delivered the same, and wished not to retract it. In a suit in equity afterwards brought to foreclose the mortgage, it is contended that the deed is void as to the wife, for want of such explanation of its nature as the statute requires ; and the depositions of the justices are taken to prove the fact that the deed was not fully explained to the wife, Held : As the privy examination, acknowledgement and declaration of the wife are certified to by the justices pursuant to the direction of the statute, the deed is effectual to pass all her right." See upon this subject the opinion of Tucker, Judge, who delivered the opinion of the Court in the case.

But if such evidence were legal in any case, the evidence in this case does not prove that said deeds of trust were not fully explained to said Mary A. at the time she acknowledged the same. Upon the whole it seems to me quite clear that the said Mary A. has charged the *corpus* of her said separate estate by each of the said two deeds of trust, given to secure the said two debts of the said Weinberg. For the foregoing reasons the appellant's

assignments of error two, seven, nine and ten are not well taken, and they are each overruled.

It seems to me, after a careful examination and consideration of this whole cause, that there is no error in the said decree of the municipal court of the said city of Wheeling, rendered in this cause on the 26th day of June, 1878. The said decree must therefore be affirmed and the appellant, Frederick Nolte, must pay to the appellee, Selig Weinberg, his costs about his defense of the appeal and *supersedeas* in this cause in this court expended, and $30.00 damages.

JUDGES JOHNSON AND GREEN CONCURRED.

DECREE AFFIRMED.