1841.

Ledyard
v.
Butler.

## LEDYARD *vs.* BUTLER and others.

Where the owner of land made a fraudulent conveyance thereof, and the grantee went into possession and afterwards mortgaged the same to a bona fide mortgagee, upon a loan of money, on the security of the mortgage, which mortgagee had no notice of the fraud, *Held,* that the mortgage was a valid security upon the land, as against a creditor of the original owner, although such creditor had previous to the giving of the mortgage, but subsequent to such fraudulent conveyance, recovered a judgment against his debtor, and sold the premises upon an execution issued on such judgment. *Also Held,* that such mortgage was a valid and prior security upon the land, for the whole sum agreed at the time of its execution to be advanced thereon, although a part of the amount was not actually paid to the mortgagor until some days after the execution of the mortgage, and although the sheriff's deed to the purchaser under such judgment and execution was recorded intermediate the recording of the mortgage and such payment.

A bona fide purchaser or mortgagee, from a fraudulent grantee, who has neither actual nor constructive notice of the fraud, is entitled to a preference over a subsequent purchaser under a judgment against the fraudulent grantor, if such prior deed or mortgage is first recorded.

A mortgagee is a purchaser of the mortgaged premises, to the extent of his interest therein by virtue of his mortgage, within the intent and meaning of the statute of frauds.

Under the recording acts, as between a purchaser from the fraudulent grantee and one obtaining title under the fraudulent grantor, the priority of their conveyances depend upon the times when they were respectively recorded.

April 6.     THIS was an appeal from a decree of the vice chancellor of the fourth circuit, for the foreclosure of a mortgage given to the complainant, by the defendants Samuel O. Butler and wife, in March, 1830, and duly recorded. And the only question was whether the mortgage was a valid lien upon the premises, as against Henry W. Snyder the appellant, under the following circumstances :

Samuel O. Butler the mortgagor gave the mortgage to secure to the complainant a loan of $1300 ; of which $700 was received upon the delivery of the bond and mortgage, on the 30th of March, 1830, and the residue about three weeks afterwards. At the time of the execution of the mortgage and of the receipt of the money loaned thereon, the mortgagor was in possession of the mortgaged prem-

ises ; claiming title thereto under a deed from his father, Giles Butler, given in July, 1823, which was duly recorded. And the complainant had no notice that the validity of such title had ever been questioned. In 1824 two suits were commenced in the supreme court, against Giles Butler, for the recovery of debts contracted by him several years before ; in which suits judgments were recovered in May of the same year. On these judgments executions were issued, and on the 27th of December, 1828, all the right, title, and interest of Giles Butler in the premises was sold by the sheriff, and purchased in by F. Morss, the judgment creditor, for the sum of $900. On the 7th of April, 1830, Morss obtained a deed from the sheriff, under such sale, and put it upon record. And on the 14th of May thereafter he commenced an action of ejectment against Samuel O. Butler, the mortgagor, and recovered the possession of the premises upon the ground that the conveyance of July, 1823, was fraudulent, as against the plaintiff as a creditor of Giles Butler the grantor.

In June, 1832, the complainant filed her bill to foreclose the mortgage, against the mortgagor and his wife, and made the judgment creditors and Morss parties defendants. Morss answered the bill, setting up the fraud in the deed of July, 1823 ; and a replication was filed to his answer. The other defendants suffered the bill to be taken as confessed. After the cause was in readiness for hearing, upon the pleadings and a stipulation between the parties to admit certain facts as a substitute for proof thereof, Morss conveyed the mortgaged premises to Henry W. Snyder, and afterwards died. And Snyder was thereupon made a party to the suit, by a bill in the nature of a bill of revivor and supplement.

*S. Sherwood,* for the appellant. The complainant is not a purchaser within the meaning and policy of the statute of frauds. The deed, from Giles Butler to Samuel O. Butler, being admitted to be fraudulent and void as against Morss, cannot be the source of title even to an innocent

purchaser, unless the equity of the purchaser is superior, or the conveyance of the fraudulent grantee is prior in point of time, to the sale of the creditor. The sale by the fraudulent grantee must be prior in point of time to a sale for a valuable consideration by the fraudulent grantor, and it must be prior to a sale on execution at the suit of the creditor. (*Anderson* v. *Roberts*, 18 *John. Rep.* 532. *Jackson* v. *Terry*, 13 *Id.* 471.) The sale by the creditor on execution is an unequivocal act, asserting his right to avoid the fraudulent conveyance, and is all he could do. If a third party is the purchaser, the creditor gets his money, and the purchaser may compel a deed. (2 *Kent's Com.* 237. *Roof* v. *Stafford*, 7 *Cowen*, 180 ; *S. C. in error*, 9 *Id.* 630.) An unequivocal assertion of right, by the creditor, to avoid the fraudulent deed, is equal to an entry, &c. by a feme covert or an infant, to avoid a conveyance. (*Jackson* v. *Carpenter*, 11 *John. Rep.* 542, 543. 3 *Bacon's Abr. title Infancy*, 136. *Touch* v. *Parsons*, 3 *Burr.* 1794. *Frost* v. *Wolverton*, 1 *Stra.* 94.) The sheriff's sale and certificate to Morss by which his judgment was satisfied pro tanto, although the legal title did not pass, created an equitable lien of equal sanctity and prior in point of time to the lien of the mortgage. (*Laws of* 1820, *sess.* 43, *ch.* 184. 2 *R. S.* 370. 20 *John. Rep.* 3. 2 *Wendell*, 507. 1 *Cowen*, 452—457. 7 *Id.* 554. 1 *Id.* 510.) The judgment against Giles Butler, the public advertisement of sale of the premises on the execution, the sale itself, and sheriff's certificate on file, are acts amounting in judgment of law to constructive notice of the invalidity of the deed to Samuel O. Butler, and the assertion of right by the creditor. But the complainant cannot be deemed an innocent purchaser, for the six hundred dollars not loaned till after Morss' deed was recorded, and the legal title vested in him. Although a mortgage may be good between the parties to secure subsequent advances, such advances after the registry, must be subservient to intermediate claims of other parties. (*Hendricks* v. *Robinson*, 2 *John. Ch. Rep.* 309. *James* v. *Johnson*, 6 *Id.* 429. *Brinckerhoof* v. *Marvin*, 5

*Id.* 327. *Shirras et al.* v. *Caig, &c.* 7 *Cranch,* 34.) The recording of Morss' title 7th April, 1830, was constructive notice to the complainant on the 21st of April, when the last six hundred dollars was loaned, of his assertion of title, and of the fraud of the Butlers. The loss, where parties are equally innocent, should fall on the one who enabled the fraudulent party to reap the fruits of his iniquity. (*Root* v. *French,* 13 *Wendell,* 570.)

*T. T. Payne,* for the respondent. It is not pretended that the respondent had notice in fact of the advertisement of the sheriff, or of the filing of his certificate, before the execution of the mortgage of Samuel O. Butler to her. Neither the judgment against Giles Butler, nor the advertisement of the sheriff, nor the filing of the advertisement, nor of the certificate, was notice in law to the respondent; whose interest was derived from Samuel O. Butler. Whatever notice the recording of the sheriff's deed to Morss for the property mortgaged to the respondent, might be to subsequent mortgagees or purchasers, it could have no effect upon the rights or interests of the respondent, who was a previous mortgagee. The deed of the sheriff could not relate back to the prejudice of the rights or interests of the respondent, a third person, who was not a party nor privy thereto. (*Laws of* 1820, *vol.* 5, *b.* 167. *Tuttle* v. *Jackson,* 6 *Wend.* 215. *Bissell* v. *Payn,* 20 *John. Rep.* 3. *Evertson* v. *Sawyer,* 2 *Wend.* 509.) A mortgagee is a purchaser. (*James* v. *Mowry,* 2 *Cowen,* 299. *James* v. *Johnson,* 6 *John. Ch. R.* 429. 1 *R. L.* 1813, *p.* 77, § 6. 2 *R. S.* 137, § 5, 6. *Chapman* v. *Emery, Cowp. Rep.* 278. *White* v. *Hussey, Prec. in Ch.* 13. *Cormick* v. *Trapland,* 6 *Dow's Rep.* 60. *Noy's Rep.* 105.) The respondent then is a purchaser in good faith, for valuable consideration, without notice either in fact or in law, of the fraud, whether constructive or actual, charged upon her immediate grantor, and cannot be prejudiced thereby, either as to the first or second sum advanced upon the mortgage of Samuel O. Butler to her. (1 *R. S.* 762, § 37. 1 *R. L.*

1813, *p.* 77, § 6. 2 *R. S.* 137, § 5, 7. *Jackson* v. *Terry*, 13 *John. Rep.* 471. *Anderson* v. *Boyd*, 18 *Id.* 515. *Downing* v. *Palmateer*, 1 *Mon. Rep.* 69. *Shirras* v. *Caig & Mitchell*, 7 *Cranch*, 34.)

THE CHANCELLOR. The equities of the parties are equal in this case ; the appellant claiming in opposition to the fraudulent deed, and the respondent being a bona fide mortgagee of the premises conveyed by that deed, without notice of the fraud. The only question therefore, is, which party has the better legal right. On that question I have no doubt as to the correctness of the decision of the vice chancellor. The judgment and proceedings against Giles Butler, subsequent to the deed to his son, could not be constructive notice to a purchaser or mortgagee of the latter. For upon searching the records and finding an absolute conveyance from the father, in July, 1823, the person who was about to purchase from the son, or to loan money to him upon his bond and mortgage, would not be bound to go further and search the records for the purpose of ascertaining whether subsequent judgments might not have been recovered against the father.

The case of *Anderson* v. *Roberts,* in the court for the correction of errors, (18 *John. Rep.* 515,) settles the question, that a bona fide purchaser from a fraudulent grantee is entitled to a preference over a subsequent purchaser under a judgment against the fraudulent grantor. And the supreme court, in *Jackson* v. *Terry,* (13 *Idem,* 471,) decided that under the recording acts the priority of conveyances, as between purchasers deriving title under the fraudulent grantor and the fraudulent grantee respectively, had reference to the recording of such conveyances. And in this case the mortgage to the complainant was executed and put on record several days before the sheriff's deed to Morss was executed and recorded.

The mortgage having been in fact given on the 30th of March for the whole loan of $1300, as agreed for, the fact that a part of the money was not paid for some few days

thereafter could not deprive the complainant of the benefit of the security for the whole sum advanced upon the credit of that security.   And a mortgagee is a purchaser, to the extent of his interest in the premises, within the meaning of the term purchaser as used in the statute of frauds.   (*See Chapman* v. *Emery, Cowp. Rep.* 278; *White* v. *Hussey, Prec. in Ch.* 13; *Gardiner* v. *Painter, Sel. Cas. in Ch.* 65; *Cormick* v. *Trepand,* 6 *Dow's Rep.* 60; *Amb. Rep.* 289; 2 *Vern. Rep.* 272; *Poulton* v. *Wiseman, Noy's Rep.* 105.)

The decree appealed from must be affirmed with costs. And the usual direction must be given, that if the premises do not sell for sufficient to satisfy the amount due on the mortgage, with interest and costs, the appellant must pay the value of the use and occupation of the property from the time of his appeal until the delivery of the possession to the purchaser upon the sale, or so much of such value as may be necessary to satisfy such deficiency; as damages for the delay and vexation caused by such appeal.(*a*)

(*a*) Affirmed on appeal, December, 1842.