LAVALETTE et ux. *vs.* THOMPSON and others.

An innocent purchaser is not liable to a latent equity of which he was igno-
. rant.

A mortgagee is a purchaser of the mortgaged premises within the intent of the statute of frauds.

A. and B. jointly executed a mortgage to secure $5000 upon land of which they were equally seized as tenants in common. A., by an arrangement with B., received only $1000 of the mortgage money. B. afterwards executed a second mortgage to another party on his moiety of said lands and on another lot owned by him in severalty. Both mortgages have been duly recorded. *Held*, that as against such second mortgagee, the first mortgage was a lien equally on the shares of A. and B. in the premises.

---

*Carpenter*, for complainants.

*Attorney General*, for defendants.

THE CHANCELLOR. The defence of usury, raised by the answer of one of the mortgagors, and to which a large

portion of the evidence is directed, is not insisted on. The only remaining question raised by the pleadings, and discussed upon the argument, relates to the marshalling of the securities upon the mortgaged premises.

The complainants' mortgage bears date on the second of August, 1850. It was given by John R. Thompson and Charles M. Thompson and their respective wives to the complainant to secure the payment of a bond of the mortgagors, of even date, conditioned for the payment of $6000 in three years with interest. The mortgaged premises consist of four lots, numbers 1, 2, and 3, being the joint property of both mortgagors, and number 4, being the several property of John R. Thompson alone.

On the 9th of September, 1852, John R. Thompson, in order to secure the payment of his bond for $1000, executed to Lewis Chester a mortgage upon lot number 4, and also upon his undivided moiety of lots numbers 1, 2, and 3. This mortgage has been assigned to and is now held by John Ashcroft. Both mortgages are duly registered.

On the 29th of December, 1857, lots numbers 1, 2, and 3, which were previously held by John and Charles Thompson as tenants in common, were partitioned between them, and have since been held in severalty.

Charles M. Thompson, one of the mortgagors in the complainants' mortgage, avers in his answer, that although the bond and mortgage were jointly given by John R. Thompson and himself for the sum of $6000, yet that, by an arrangement between the obligors, he received but $1000, and his co-obligor $5000 of the amount of the loan; that as to the $5000, he is a mere security for John R. Thompson, and that he is therefore entitled to have the $5000 paid first out of the property of John R. Thompson. As between the co-obligors and mortgagors, this claim is just and equitable; but it is resisted on the part of the holder of the second mortgage given by John R. Thompson, as prejudicial to his rights. The com-

plainant's mortgage appears, on its face and by its registry, to be given for the joint debt of both mortgagors, and for the payment of which, in construction of law, they were equally liable. The encumbrance rested equally on the property of each. He was justified, therefore, in taking a second encumbrance on the property of John R. Thompson, relying on the information furnished by the record, that it was subject only to a mortgage of $3000, one equal half of the joint debt of the two mortgagors. Of the arrangement between the mortgagors themselves, neither the mortgagee nor his assignee had any actual notice. They relied, as they were justified in doing, upon the registry. 7 *Johns. Ch. R.* 16.

As between the mortgagors, the statute of frauds is inoperative. The trust is a resulting trust, and therefore valid though not in writing. But as against a *bona fide* purchaser, a secret trust not in writing is void.

An innocent purchaser is not liable to a latent equity of which he was ignorant. *Reilly* v. *Mayer*, 1 *Beasley* 59.

A mortgagee is a purchaser of the mortgaged premises within the intent and meaning of the statute of frauds. *Ledyard* v. *Butler*, 9 *Paige* 132.

As against the rights of subsequent mortgagees as *bona fide* purchasers from John R. Thompson, the equity subsisting against him in favor of his comortgagors cannot be enforced. They are entitled to have the property of the comortgagors equally appropriated for the payment of the joint debt, in accordance with the legal effect of the contract as recorded.

The fact that a separate lot of John R. Thompson was included in the mortgage in no wise affects the question at issue, nor are the rights of the encumbrancers at all altered by the partition subsequently made between the mortgagors.