# SUPREME COURT.

## JOHN McCLELLAND agt. GEORGE REMSEN, sheriff of Kings county.

The authority of *one co-partner* to sell the co-partnership property to a particular creditor or creditors in payment of their debts, has been judicially determined, and is now the settled law.

There is an obvious distinction in principle between an assignment by a debtor of his property to *trustees*, upon trust for the payment of particular and specific debts, reserving the surplus to the debtor, and an assignment by a debtor of his property and effects to his *creditor*, upon the trust to sell and pay his own debt, reserving the surplus to the debtor or his assigns.

The latter is in effect a *mortgage*, and when the debt which it is designed to secure is paid, the property reverts to the original owner. In such a case the assignee does not acquire the entire *legal interest* in the property conveyed subject to the trust, but a *specific lien* upon it; and the property is still subject to the process of the courts, and may, subject to the lien of the mortgage creditor, be devoted to the satisfaction of the other creditors' debts.

When property is assigned and transferred to a creditor to secure the payment of a debt, the surplus, without any special reservation in the deed, would revert to the assignor the moment the debt was paid and the purpose of the conveyance accomplished. A special reservation can do no more, and it is not evidence of a *fraudulent intent*.

*General Term, Second Judicial District, May* 24, 1862.
BROWN, EMOTT, SCRUGHAM and LOTT, *Justices.*

JAMES TROY, *for plaintiff.*
N. F. WARING, *for defendant.*

By the court, BROWN, Justice. William McClelland and one Elizabeth Hasluck, the wife of —— Hasluck, were co-partners in the business of selling wines and liquors of various descriptions, at the corner of Myrtle avenue, and Pearl street, in the city of Brooklyn, under the name and firm of William McClelland & Co. The plaintiff, John Mc Clelland, was a creditor of the firm, his debt being $357, for goods sold and delivered. On the 2d of June, 1860, an instrument in writing was executed and delivered to the plaintiff, bearing date on that day, and purporting to be made between William McClelland and Elizabeth Hasluck,

co-partners under the name and firm of William McClelland & Co. of the first part, and John McClelland of the second part. It recited the existence of the debt for $357 to John McClelland, their inability to pay it, and their willingness to assign the co-partnership property for the benefit of the creditor. It then proceeds to assign over the goods, merchandize, accounts, choses in action, and effects of the firm to the plaintiff, upon the trust to sell and convert into money, either at public or private sale, and to collect the debt and choses in action, pay all reasonable expenses and costs of executing the assignment, and with the residue pay the debt due to the plaintiff of $357, with interest, and then to pay whatever may remain of such moneys, if any, to the parties of the first part to the said instrument. This paper was executed under seal by William McClelland, in the name of Wm. McClelland & Co., but there was no evidence that Elizabeth Hasluck, the other partner, assented to it, or was made aware of its execution at the time. The plaintiff took the actual possession of the assigned property within a few days of the date of the instrument, and had such possession at the time the defendant or his officer made the levy hereinafter referred to. On the 20th of June, 1860, Elizabeth Hasluck confessed a judgment in this court to one William F. Howe, for the sum of $605, which was duly docketed on the same day, and two days thereafter an execution upon the same was put into the hands of the defendant, George Remsen, sheriff of Kings county, who seized and sold the goods in question, realizing therefrom, after deducting his fees, $289.90. The plaintiff thereupon brought this action, to recover the value of the goods, which was tried before Mr. Justice LOTT at the Kings circuit, and where the foregoing facts appeared from the evidence. A motion was made upon the trial for a non-suit, which was denied. The judge then directed the jury to find a verdict for the plaintiff; to which direction the counsel for the defendant excepted. The jury found a

verdict accordingly, for the sum of $394.55, the amount of the indebtedness of William McClelland & Co. to the plaintiff, with the interest. The exception was ordered to be heard in the first instance at the general term.

The existence of the debt from the firm of William Mc Clelland & Co. to the plaintiff was not disputed upon the trial, so that the relation of debtor and creditor between the parties to the deed of assignment was duly established. The cases distinguish—and there is an obvious distinction— in principle between an assignment by a debtor of his property to trustees upon trust for the payment of particular and specific debts, reserving the surplus to the debtor, and an assignment by a debtor of his property and effects to his creditor upon the trust to sell and pay his own debt, reserving the surplus to the debtor or his assigns. The latter is in effect a mortgage, and when the debt which it is designed to secure is paid, the property reverts to the original owner. The surplus is always within the reach of the other creditors, and can, by a creditor's bill, or proceedings supplementary to the execution, be attached and appropriated to the payment and satisfaction of their debts. Such a disposition of a debtor's estate is therefore free from the weightiest objections against assignments upon trust to third persons for the payment of debts. There is no trustee interposed between the creditors and the property of their debtor. The assignee does not acquire entire legal interest in the property conveyed subject to the trust, but a specific lien upon it; and the property is still subject to the process of the courts, and may, subject to the lien of the mortgage creditor, be devoted to the satisfaction of the other creditors' debts. When property is assigned and transferred to a creditor to secure the payment of a debt, the surplus, without any special reservation in the deed, would revert to the assignor the moment the debt was paid and the purpose of the conveyance accomplished. A special reservation can do no more, and is not evidence

of a fraudulent intent.   The law regards mortgages, and grants and conveyances in the nature of mortgages, to secure antecedent debts, with no disfavor ; and, under proper limitations as to possession and notoriety, they are constantly upheld.   Assignments of property upon trust to pay debts, giving preferences, have never been favored by the courts, and will only be upheld when they fulfil the conditions which the law finds it necessary to prescribe for the prevention of fraud.   Among these are, that the debtor shall devote all his property to the satisfaction of his debts, without condition or qualification, and that he shall reserve nothing from the assigned property to himself, until all his creditors are paid. ' He may prescribe the order in which payments shall be made, giving preference to favored creditors ; but if he reserves any part of the estate to his own use, or for the benefit of himself, in any way, until the debts of all his creditors are satisfied, the assignment will be adjudged fraudulent *per se*, and absolutely void.   For authority as to one class of these cases, vide *Goodrich* agt. *Downs*, (6 *Hill*, 438 ;) *Barney* agt. *Griffin*, (2 *Coms.*, 365.)   And for authority as to the other class, vide *Leitch* agt. *Hollister*, (4 *Coms.*, 211.)   In the latter case the court, in speaking of assignments made to creditors themselves for the purpose of securing their own debts, say : " The conveyance, whatever may be its form, is in effect a mortgage of the property transferred.   A trust as to the surplus, results from the nature of the security, and is not the object or one of the objects of the assignment.   Whether expressed in the instrument or left to implication is immaterial."   In view of these authorities, there is nothing vicious or illegal in the form of the instrument under which the plaintiff claims to recover the value of the property.

The remaining question in the case arises upon the power of one partner to assign over and transfer to a creditor, the partnership effects in payment of or as security for the payment of his debt.   Elizabeth Hasluck did not unite in or

assent to the executing of the deed of assignment, but it was the act of William McClelland solely. It cannot escape notice in this connection, that while the plaintiff claims the property under an instrument made in the name of the firm by one co-partner, the defendant claims to hold it under an execution issued upon a judgment confessed by the other co-partner, still the legal problem remains to be solved by the aid of principle or authority. The right of one party to make a general assignment of the co-partnership effects to a trustee, for the payment of debts, giving preferences, has been denied by very competent and respectable authority, and probably does not exist. It may still be regarded as an open question, not having yet passed the ordeal of the court of last resort in this state. But the authority of one co-partner to sell the co-partnership property to a particular creditor or creditors in payment of their debts, has been judicially determined, and is now the settled law.

The power of a partner to dispose of the property of the firm, extends to assignments of it as security for antecedent debts, as well as for debts thereafter to be contracted on account of the firm. Lord MANSFIELD, in a celebrated case, (*Fox* agt. *Hanbury, Cowp.*, 445,) decided that even after an act of bankruptcy committed by one partner, an assignment, *bona fide*, of partnership effects by the solvent partner to a creditor of the firm, in payment of his debt, was binding on the firm. (*Collyer on Partnership*, 395.) *Mabbet* agt. *White*, (2 *Kern.*, 442,) decides that one co-partner has authority to sell and transfer all the co-partnership effects directly to a creditor of the firm in payment of a debt, without the knowledge or consent of his co-partner, although the latter is at the place of business and might be consulted. Nor is the validity of the sale affected by the insolvency of the firm at the time, and the preference which the purchasing creditor will thus acquire over the others.

If I am right in thinking the instrument of assignment

made by William McClelland in the name of the firm to the plaintiff, a mortgage, or an instrument in the nature of a mortgage, then it is within the principle of the decisions referred to, and is effectual to pass the title to the goods, for all the purposes of the action, to the plaintiff.

Judgment should be entered upon the verdict, for the plaintiff.