ARTHUR M. MURPHY, as Receiver, etc., Appellant, *v.* HENRIETTA A. BRIGGS et al., Respondents.

Where a debtor has conveyed real estate in fraud of his creditors, and at his request his grantee has given a mortgage thereon to secure a debt of the grantor which existed at the time of the conveyance, to a creditor ignorant of its fraudulent character, the mortgage comes within the exception in the statute of frauds (2 R. S. 137, § 5), protecting the rights of purchasers in good faith and "for a valuable consideration," and although the conveyance be set aside in an action brought by other creditors, the mortgage cannot be affected.

The pre-existing indebtedness constitutes a valuable consideration within the meaning of the statute.

*Wood* v. *Robinson* (22 N. Y. 564), distinguished.

(Argued June 2, 1882 ; decided June 30, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 16, 1880, which reversed in part and affirmed in part a judgment in favor of the plaintiff, entered upon a decision of the court on trial without a jury.   (Reported below, 23 Hun, 95.)

This action was brought by plaintiff as receiver, appointed in proceedings supplementary to execution against defendant Lafayette Moore, to set aside, as fraudulent as to creditors, two deeds executed in February, 1878, one by said debtor to defendant Werner, and one by the latter to Mary E. Moore, wife of the debtor ; also to set aside two mortgages upon the premises so conveyed, executed by Mrs. Moore at her husband's request, to the defendants Briggs and Whiting, to secure pre-existing debts of Mr. Moore.

The court found that the two conveyances were executed voluntarily and without any consideration, and were fraudulent and void as to Moore's creditors ; that the mortgagees acquired no better right than Mrs. Moore acquired by the conveyance to her, and that the mortgages were void as to plaintiff and the judgment creditors.   The General Term reversed the judgment so far as the same affected defendants Briggs and Whiting, or their mortgages, holding the same to be valid as against the plaintiff and the creditors he represented.

Further facts appear in the opinion.

*Samuel Hand* for appellant.   The conveyance by Moore to his wife of the real estate was void as to the plaintiff and the judgment creditors, whom he represents as receiver, and as to them she obtained no title.   (2 Edmonds' Statutes, 142 ; *Cole* v. *Tyler*, 65 N. Y. 73 ; *Savage* v. *Murphy*, 34 id. 508 ; *Case* v. *Phelps*, 39 id. 164 ; *Smart* v. *Bennett*, 4 Abb. Ct. App.

Dec. 253.) The mortgages executed by Mrs. Moore to the defendants Briggs and Whiting must fail as to the plaintiff to the same extent as her title as mortgagor, being a mere lien on such title. (*Barnard* v. *Campbell*, 55 N. Y. 461 ; *Lawrence* v. *Conklin*, 17 Hun, 228.) Neither defendant Briggs nor Whiting comes within the exception in the statute provided by section 5, 2 Revised Statutes, 137. (*Manhattan Bk.* v. *Evertson*, 6 Paige, 457 ; *Wood* v. *Robinson*, 22 N. Y. 564; *Weaver* v. *Barden*, 49 id. 291 ; *Spicer* v. *Waters*, 65 Barb. 227.) To constitute a *bona fide* purchaser it is not enough to show a conveyance good in form, but payment of the consideration must be made out. It must be actually paid, not merely secured to be paid. (*Barnard* v. *Campbell*, 58 N. Y. 73 ; *DeLancey* v. *Stearns*, 66 id. 157; *Cary* v. *White*, 52 id. 138 ; *Weaver* v. *Barden*, 49 id. 289; *Griffin* v. *Marquardt*, 17 id. 28 ; *Picket* v. *Barrow*, 29 Barb. 508 ; *Dickerson* v. *Tillinghast*, 4 Paige, 215 ; *Fox* v. *Clark*, Walk. [Mich.] 535 ; *Potter* v. *Stephens*, 40 Mo. 229 ; *Pond, Rec'r*, v. *Comstock*, 20 Hun, 494; *Bank* v. *Warner*, 12 id. 306, 308 ; *Solomon* v. *Moral*, 53 How. 342; *Chapman* v. *Ransom*, 44 Iowa, 377; *Potter* v. *Stephens*, 40 Mo. 229 ; *Tootle* v. *Dunn*, 6 Neb. 93 ; *Boardman* v. *Halliday*, 10 Paige, 223 ; *Averill* v. *Loucks*, 6 Barb. 470 ; *Sheldon* v. *Dodge*, 4 Denio, 217 ; *Boardman* v. *Halliday*, 10 Paige, 223 ; *Beardsley* v. *Arguenda*, 2 Seld. 522 ; *Chautauqua Bk.* v. *Risley*, 19 N. Y. 370 ; *Underwood* v. *Sutliffe*, 77 id. 62 ; *Erickson* v. *Quin*, 15 Abb. [N. S.] 166 ; *Bergen* v. *Carman*, 79 N. Y. 146, 153; 77 id. 62.) The mortgages were of no effect until delivered. (2 R. S. 738, § 138.) Notice to defendant Whiting, at the time the mortgage was delivered to her, of the fraud in the conveyance by Moore to his wife was sufficient. (*Herlick* v. *Brennan*, 11 Hun, 194 ; *Williamson* v. *Brown*, 15 N. Y. 354; *Reed* v. *Gennon*, 50 id. 349 ; *Bergen* v. *Carman*, 79 id. 152.) The assignee is not a necessary party. (*Shultz* v. *Hoagland*, 85 N. Y. 468 ; *Cole* v. *Malcombe*, 66 id. 362.) The right of a judgment creditor to set aside a conveyance as fraudulent and void as to creditors is not affected by a voluntary general assign-

ment. (*Brownell* v. *Curtis*, 10 Paige, 211; *Leach* v. *Kelsey*, 7 Barb. 466; *Browning* v. *Hart*, 6 id. 91; *Andrews* v. *Roberts*, 16 Johns. 526; *Flower* v. *Cornish*, 19 Alb. L. J. 282; 22 id. 60; *Rapalee* v. *Stewart*, 27 N. Y. 310; *Matter of Assignment of Lewis*, 81 id. 422.)

*J. I. Werner* for respondents. The judge erred in assuming that the conveyance from Moore to his wife was a nullity and so utterly void as to afford no foundation for the respondents' mortgages; and that, therefore, the mortgages were likewise a nullity and void. (*Anderson* v. *Roberts*, 18 Johns. 515, 526; Bump on Fraudulent Conveyances [2d ed.], 481, 482.) Assuming that the conveyance from Moore to his wife was fraudulent as to his creditors, and therefore voidable, it does not follow that Moore and his wife had thereby deprived themselves of the power or right to make the new agreement. (Bump on Fraudulent Conveyances [2d ed.], 473; *Cramer* v. *Blood*, 57 Barb. 155; *S. C.*, 48 N. Y. 684; 1 Story's Eq. Jur. [12th ed.], §§ 381, 433, 434.) The new agreement was not necessary to uphold the mortgages from Mrs. Moore to the respondents. (Bump on Fraudulent Conveyances, 488, 489; *Pond* v. *Comstock*, 20 Hun, 492; *Waterbury* v. *Sturtevant*, 18 Wend. 353, 363.) The pre-existing indebtedness of Moore to the respondents constituted a "valuable consideration" for the mortgages, within the intent of the statute saving the rights of purchasers in good faith, etc. (*Seymour* v. *Wilson*, 19 N. Y. 417, 421; *Towsley* v. *McDonald*, 32 Barb. 604, 611; *Kirby* v. *Fitzgerald*, 31 N. Y. 417, 426; *Weaver* v. *Barden*, 49 id. 286, 300; *Carpenter* v. *Muren et al.*, 42 Barb. 300; 3 Lans. 167, 172; *Archer* v. *O'Brien*, 7 Hun, 146, 149; Bump on Fraudulent Conveyances [2d ed.], 15, 16, 178, 195, 223–4, 496, 574; 1 Story's Eq. Jur. [12th ed.], §§ 64c, 370, 371, 381; *Leitch* v. *Hollister*, 4 N. Y. 211, 215, 216; *Baker* v. *Bliss*, 39 id. 70, 80; *Dudley* v. *Danforth*, 61 id. 626; *Birdseye* v. *Ray*, 4 Hill, 158, 163; *Williams* v. *Shelly*, 37 N. Y. 375, 378; *Auburn Ex. Bk.* v. *Fitch*, 48 Barb. 344, 349; *Hale* v. *Stewart*, 7

Hun, 591, 592; *Ledyard* v. *Butler*, 9 Paige, 132; *Pond* v. *Comstock*, 20 Hun, 492.) A mortgagee, though for a pre-existing debt, is a purchaser *pro tanto* for a valuable consideration within the meaning of the term "purchaser" as used in the statute of. frauds. (*Birdseye* v. *Ray*, 4 Hill, 158; *Ledyard* v. *Butler*, 9 Paige, 132, 137; *Hall* v. *Arnold*, 15 Barb. 599; Bump on Fraudulent Conveyances [2d ed.], 473, and notes.) The mortgage of Mrs. Whiting, though unrecorded at the time of the trial, is valid and effectual, as against the judgments obtained subsequent to the execution and delivery thereof. (*Jackson, ex dem. Tuttle*, v. *Dubois*, 4 Johns. 216; *Jackson, ex dem. Stewart*, v. *Town*, 4 Cow. 599, 605–6; *Ledyard* v. *Butler*, 9 Paige, 132, 135.) On the principle that a creditor may take and hold as many securities as his debtor sees fit to give him, it is not material to the validity of Mrs. Briggs' mortgage that the notes for which it was given were not surrendered up before the trial. (Thomas on Mortgages, 132.)

MILLER, J.   It may be assumed, we think, that the conveyances from Moore to Werner, and from Werner to Mrs. Moore were fraudulent and void. The principal question which remains to be determined is, whether the mortgages executed by Mrs. Moore are valid and in force.

The proof establishes, beyond controversy, that these mortgages were executed to secure demands due from Moore to the mortgagors who, when the conveyances were made, were *bona fide* creditors of Moore. It also appears and the findings establish that at the time of the execution of the mortgages the mortgagees had no knowledge as to the pecuniary affairs and condition of Mr. Moore, the grantor, and of his ability or inability to pay his creditors in full the amount which he owed; nor had they actual or constructive notice of the demands sought to be enforced in this action. The counsel for the plaintiff insists that the mortgages executed by Mrs. Moore "must fail as to the plaintiff, to the same extent as her title as mortgagor, being a mere lien upon such title." This position is

based upon the ground that if Mrs. Moore had no title she could not give a lien upon the premises, and even if her husband intended or wished that the defendants should have the mortgages, that this was not sufficient to create a lien upon the land by mortgages executed by her, and as he did not execute the mortgages no claim was acquired by virtue of Mrs. Moore's mortgages. This, we think, cannot be maintained, and the claim that neither of the defendants comes within the exception in the statute (2 R. S. 127, § 5) is not well supported, and even although the conveyance by Moore was fraudulent as to creditors, and hence should be declared void, it did not deprive Moore and his wife from entering into an agreement by which, in consideration of a transfer to her of a mortgage which was assigned to her, she should mortgage the land to secure Moore's indebtedness. The mortgages were only an appropriation of Moore's property to the payment of his honest debts, and whether this was done by the grantee of the same, with Moore's approval, or by Moore himself, could make no difference. If the title was in Moore he could have given a preference and created a lien to pay the indebtedness of the mortgagees, and the grantee having, with Moore's consent, done what the grantor could have done by applying the property to pay the demands of creditors, there is no ground for claiming that such transfer was invalid. (Bump on Fraudulent Conveyances, 488, 489; *Pond, Rec'r,* v. *Comstock,* 20 Hun, 492, affirmed on appeal in this court.)

The indebtedness of Moore to the mortgagees which existed at the time constituted a valid consideration for the mortgages within the statute, saving the rights of purchasers in good faith. When a transfer is made to a stranger, to bring himself within the provision of the statute as to a purchaser, he must show that he has an equity which is paramount to that of his vendor, and this can only be done by showing he has parted with value and is not chargeable with notice of the fraud. But where the transfer is to a creditor of the vendor a different principle prevails. It is not necessary to show a new consideration, as the transaction amounts to nothing more than the voluntary prefer-

ence of one creditor over another. (*Seymour* v. *Wilson*, 19 N. Y. 417, 421.) The rights of the mortgagees as creditors to have their debts preferred by mortgages on the property of the debtor are equally equitable with the claims of the creditors, and no valid ground is apparent why they should be placed behind other creditors, when the liens of the latter are of a later date. A *bona fide* purchaser or mortgagee from a fraudulent grantee without notice of the fraud is entitled to a preference over a subsequent purchaser. A mortgagee is a purchaser to the extent of his interest. (*Ledyard* v. *Butler*, 9 Paige, 132.)

We are referred by the learned counsel for the appellant to numerous reported cases in support of the position that the mortgagees do not come within the exception contained in the statute cited; but, after a careful and critical examination, we are satisfied that none of them are in conflict with the rule laid down in *Seymour* v. *Wilson* (*supra*), and all of them may be distinguished from that adjudication. We do not deem it necessary to criticize closely the cases cited and shall be content to refer briefly to the case of *Wood* v. *Robinson* (22 N. Y. 564), which perhaps approaches nearer to support the claim of the appellant than any other decision. In that case it is held that when the conveyance to the wife was fraudulent, and a subsequent creditor of the husband procured from the wife a mortgage to secure an antecedent debt, that the statutory trust in favor of the creditor at the time of the transaction prevails over the equal equity and superior diligence of the subsequent creditor, and it is laid down that the grantee and incumbrancer who does not advance any thing takes the interest conveyed subject to any prior equity attaching to the subject. It appeared that the plaintiff was a prior judgment creditor and hence he had a prior equity which entitled him to a preference at the time of the conveyance to the wife of real estate paid for by the husband. This of course would take precedence over a mortgage subsequently executed to secure a debt of the husband. As the lien existed at the time of the conveyance to the wife, the equity was prior to that of the mortgage. Although it was found that the mortgagee had no notice or knowledge of this judgment, it is not stated

that its officers were unaware that the premises were purchased with the money of the debtor, or that they were ignorant of his indebtedness and insolvency. It is thus apparent that the case last considered in no way conflicts with the case of *Seymour* v. *Wilson* (*supra*). The fact that the defendant Catharine Whiting, at the time the mortgage was delivered, not at the time of its execution, had notice of the facts and circumstances in relation to the fraudulent conveyances by Moore to his wife, and of his insolvency, does not, we think, affect her rights to the preference created by the mortgage. The mortgage was executed on the 28th of February, at which time she had no such notice; it was not delivered until the 8th day of April afterward. The mortgage was merely applying the property for the benefit of creditors which was a rescinding of the fraudulent contract and entering into a new contract for its sale or transfer, which if made in good faith will not be contaminated by the fraud of the first contract. The law does not deprive parties of the right to restore property to legitimate purposes which has been fraudulently appropriated, and we are unable to discover any valid objection to a contract made with this object, when if the party whose debt is secured has notice after a conveyance to him of the original fraudulent conveyances, if the same is applied to the payment of the grantor's debts. (See Bump on Fraudulent Conveyances, *supra*, 473, and cases cited; *Cramer* v. *Blood*, 57 Barb. 155, affirmed in 48 N. Y. 684; 1 Story's Eq. Jur. 434.)

We think that the General Term was right, and the judgment as modified by them should be affirmed.

All concur, except TRACY, J., absent.

Judgment affirmed.