By the Court.
Freedman, J.
The gravamen of the complaint is that the defendants wrongfully took certain goods of the plaintiff, and the recovery sought is mostly for special damages. At the trial the defendants aS-tempted to justify under ah attachment issued against the property of plaintiff’s nephew, John J. McCann. At the close of plaintiff’s case it appeared that prior to the levy upon the goods in question there had been a sale, sufficient at least in form, of the goods by McCann to the plaintiff, and there was evidence of a valuable consideration paid by the plaintiff. If, in addition to this, it had also appeared that there was an immediate and actual change of possession, plaintiff’s title could only have been defeated by proof that she had actual knowledge or belief that the sale to her was made by McCann with intent on *210 on Ms part to defraud Ms creditors (Parker v. Conner, 93 N. Y. 118). But there was not sufficient, if any, evidence of an immediate and actual change of possession as required by statute. In consequence of the absence of such proof, the transaction was presumptively fraudulent agamst creditors. This being so, it may perhaps be a debatable question whether the burden was not upon the plaintiff throughout to prove that it was m good faith and without any intent to defraud creditors, or whether, m view of plaintiff’s proof that she had purchased before the levy and paid a valuable consideration, the burden was not cast upon the defendants to establish the fraudulent character of the transaction. From what was said by the learned judges of the court of appeals, who delivered the opimons in Starin v. Kelly (88 N. Y. 418), and Murphy v. Briggs (89 N. Y. 446), it would seem that the burden rested upon the defendants, in case the jury found a purchase for a valuable consideration. But in either case, upon the proofs given by the plaintiff to the effect that she had purchased before the levy and paid a valuable consideration, and especially as she gave some explanation why there had not been a more visible change of possession than there was, the case was one for the jury, and the dismissal of the complaint was erroneous, unless the payment by the plaintiff of the attaching creditor’s claim to the sheriff constitutes a bar to the action. In my judgment it does not, under the circumstances of this case.
The complaint avers that by reason of the unlawful taking and the detention of her property, the plaintiff was compelled to pay, and did pay, said claim to the sheriff, in order to obtain the return of her goods, and that notwithstanding such payment, all of the goods taken were not returned to her. It may be a question whether the plaintiff gave sufficient competent evidence of a partial loss of the goods. But she showed, among other things, that the payment made by her was not a voluntary one, but that it was compulsory and under protest. The credibility of *211 this testimony was for the jury. This being so, the return of the goods and their acceptance by "the plaintiff cannot be deemed to constitute in law a complete satisfaction. As the case stands at present, the return of the goods and their acceptance by the plaintiff go only in mitigation, and the money paid by the plaintiff to procure such return is special damage.
The conclusion reached as stated, renders an examination of the other questions involved unnecessary.
The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.
Sedgwick, Ch. J., and Van Vorst, J., concurred.