ROYER WHEEL COMPANY, Appellant, *against* MARGARET
H. FROST *et al.*, Respondents.

(Decided June 1st, 1885).

Real estate, the individual property of a member of a co-partnership, was
conveyed by him, for a nominal consideration, a few days before a gen-
eral assignment by the co-partners of their co-partnership property for
the benefit of their creditors; and after the assignment, the grantor and
grantee executed a mortgage of the real estate to secure the payment of
individual debts of the grantor to the mortgagee and to several other
creditors. *Held*, in a creditor's action, founded on a judgment against
the co-partners recovered subsequent to their assignment, and brought
to set aside the deeds and mortgage of the real estate, that even if the
deeds were fraudulent and void, the mortgage might still be valid, within
the exception in the Statute of Frauds, protecting purchasers in good
faith and for a valuable consideration, as the pre-existing indebtedness
constituted a valuable consideration within the meaning of the statute ;
and that the mortgage was not assailable on the ground that it contained
a provision that the overplus, if any, should be rendered unto the mort-
gagors; nor on the ground that it created a trust, within the meaning of,
the statute declaring conveyances, &c., in trust for the use of the per-
son making the same, void as against creditors; nor because the formali-
ties of the statute relating to general assignments had not been complied
with.

APPEAL from a judgment of this court entered upon
the dismissal of a complaint upon a trial by the court with-
out a jury.

The facts are stated in the opinion.

*Wilson M. Powell*, for appellant.

*Wm. W. Niles*, for respondent Frost.

*Joseph A. Shoudy*, for respondents Fielding *et al.*

ALLEN, J.—This action is brought to set aside as fraudu-
lent a mortgage executed by George Fielding and James
E. Fielding to Margaret H. Frost, made and recorded No-

vember 16th, 1880, upon certain property in the city of New York, formerly owned by said George Fielding, in fee, and conveyed by him to James E. Fielding by deeds made and recorded November 3d, 1880.

George Fielding and Robert Fielding were co-partners; and, as such co-partners, on the 6th day of November, 1880, made a general assignment of all their property for the benefit of creditors. The plaintiff is a judgment creditor and recovered its judgment on the 18th day of November, 1880. The property covered by the mortgage in question was the individual property of George Fielding, and was not conveyed by the general assignment. The condition of the mortgage is that it should become void if George Fielding should pay, on demand, to said Margaret H. Frost, for herself, the amount of the debt due her from said George Fielding, and to said Margaret H. Frost, in trust for Isabella Allen, Matilda Fielding and Sarah L. Fielding, three other creditors, the debts due from the grantor to them. In case of default the mortgagee is authorized to sell, and retain out of the proceeds of the sale the principal and interest due on said indebtedness, rendering the overplus, if any, to the mortgagors. The indebtedness to Mrs. Frost, Mrs. Allen and the other beneficiaries named in the mortgage are the individual debts of George Fielding.

There is no evidence in the case, and I do not understand that it is claimed by the party plaintiff, that the debts secured by the mortgage thus sought to be set aside were not just and valid debts. The said George Fielding is joined with said James E. Fielding, his grantee, in the execution of the mortgage to Mrs. Frost. The sole question in the case is whether the said mortgage is, on its face, fraudulent and void as to the plaintiff, a judgment creditor.

There would be no difficulty presented if this mortgage had been made to Mrs. Frost to secure her indebtedness. A debtor, whether solvent or insolvent, may, acting in good faith, mortgage a portion of his property to secure an existing debt (*Knapp* v. *McGowan*, 96 N. Y. 76). In *McClelland* v. *Remsen* (36 Barb. 622), the court say: " The law

regards mortgages and grants and conveyances in the nature of mortgages to secure antecedent debts with no disfavor; and, under proper limitations as to possession and notoriety, they are constantly upheld."

Even though the deeds of George Fielding and wife to James E. Fielding were fraudulent and void, under the circumstances in this case, the mortgage would still be valid. It was determined in the case of *Murphy* v. *Briggs* (89 N. Y. 446), referred to in the opinion of the judge at the Equity Term, that where a debtor has conveyed real estate in fraud of his creditors, and, at his request, his grantee has given a mortgage thereon, to secure a debt of the grantor which existed at the time of the conveyance, to a creditor ignorant of its fraudulent character, the mortgage comes within the exception in the Statute of Frauds, protecting the rights of purchasers in good faith and for a valuable consideration. And although the conveyance be set aside in an action brought by other creditors, the mortgage cannot be affected. The pre-existing indebtedness constitutes a valuable consideration within the meaning of the statute.

Nor is this mortgage assailable (as the plaintiff claims it is) upon the ground that it contains a provision that the overplus, if any there shall be, shall be rendered unto the mortgagors. In *McClelland* v. *Remsen*, above quoted, the court say: "When property is assigned and transferred to a creditor to secure the payment of a debt, the surplus, without any special reservation in the deed, would revert to the assignor, the moment the debt was paid and the purpose of the conveyance accomplished. A special reservation can do no more, and is not evidence of a fraudulent intent."

A trust as to the surplus results from the nature of the security and is not the object, or one of the objects of the conveyance. Whether expressed in the instrument or left to implication is immaterial (*Leitch* v. *Hollister*, 4 N. Y. 211).

The plaintiff claims, however, that the case of *Murphy* v. *Briggs*, above referred to, is not applicable to the case at bar; because, there, the mortgage was given directly to the

creditor, and not, as in this case, to one creditor, in trust for herself and other creditors.

I know of no provisions of the statutes, or any settled principles of law under which a mortgage like the one in question would be declared invalid. This mortgage to Mrs. Frost is not a conveyance of any of the debtor's property. It simply creates a lien upon two parcels of his real estate. It does not create a trust, within the meaning of the statute which declares that all conveyances, transfers or assignments made in trust for the use of the person making the same shall be void as against creditors. Such a trust was plainly no part of the object of the instrument. The consequence is not to deprive other unsecured creditors of the means of collecting their debts. The interest of the mortgagor could be reached by execution or by a bill in equity. The property of the debtor is not withdrawn from legal process. The equity of redemption of the mortgagor could be attached or sold at any time. No creditor is obliged to postpone action until the determination of any trust. It cannot, therefore, be properly said that the plaintiff or any other creditors have been delayed, hindered or defrauded in any legal sense.

The effect of this instrument, in principle, is not different from the effect that would have been produced if separate mortgages had been made to Mrs. Frost, Isabella Allen, Sarah L. Fielding and Matilda Fielding for the amounts of their debts respectively.

In the recent case of *Knapp* v. *McGowan* (96 N. Y. 76), this question was considered and decided. In that case one Roche, having many creditors, executed a deed of trust to the defendant McGowan, which recited that Roche was indebted to Barber and three other creditors in various sums of money, and by which deed he conveyed a portion of his property. The conveyance was upon trust, to sell and dispose of the property conveyed, and out of the proceeds, first, to pay the expenses of the trust; second, to pay all and every amount due or owing from Roche to Barber and the other creditors; and, third, after the payment of the

several debts specified, to pay over any balance of the proceeds to Roche, his heirs and assigns. It was held that the conveyance executed to McGowan by Roche was in the nature of a mortgage, and that it was honestly made, and that any debtor, whether solvent or insolvent, may, acting in good faith, mortgage a portion or the whole of his property to secure one or more of his creditors for any indebtedness.

It is also contended by the plaintiff that the mortgage to Mrs. Frost was void, because it creates a trust for the benefit of creditors, and the formalities of the statute relating to general assignments (L. 1877, c. 466), had not been complied with.

The same question was raised in the case of *Knapp* v. *McGowan* (above quoted), and the court decided, quoting the case of *Tiemeyer* v. *Turnquist* (85 N. Y. 516), that it was entirely clear that those statutes have reference only to general assignments made by insolvent debtors for the benefit of all their creditors, and that the various provisions of those statutes are entirely inapplicable to the case of a partial assignment of this character, of a portion of the debtor's property for the benefit of specified creditors.

We are of the opinion, therefore, that the mortgage in question is a valid instrument, as to all the mortgagees or creditors named therein, and that the plaintiff has not been hindered, delayed or defrauded thereby.

The judgment should be affirmed.

CHARLES P. DALY, Ch. J., concurred.

Judgment affirmed.