ISAAC BIER AND OTHERS, APPELLANTS, *v.* CHAUNCEY S. KIBBE AND ADELBERT E. DARROW, RESPONDENTS.

*Transfer by a debtor to his creditor, of property from which the creditor is to satisfy the debt, the surplus to be returned to the debtor — is not void as a violation of the provisions of section 1 of 2 Revised Statutes, 135.*

On October 27, 1882, S. N. Wetmore, of Garfield, Pa., being indebted to the plaintiffs in the sum of $957.86, confessed a judgment for that amount, and on the same day executed and delivered to the plaintiffs a bill of sale of all the goods and chattels of any kind and nature, including fixtures in his store at Garfield, being his entire stock of goods and groceries in the store building, together with the store fixtures, in consideration of the sum of $1,000. On the same day the plaintiffs executed and delivered to Wetmore a paper, in which they agreed, in consideration of the bill of sale made to them, that after their debt of $957.86 was paid out of the property mentioned in the bill of sale and their expenses made in the matter, that they would pay the balance left from the sale of the goods to Wetmore or any person to whom he might direct it to be paid.

This action was brought to recover the value of the said goods, which had been taken by the defendants under an attachment brought against Wetmore, after the goods had been brought into this State.

*Held,* that the bill of sale was not fraudulent and void upon its face, as being a trust for the use of the person making the same, in violation of the provisions of section 1 of 2 Revised Statutes, 135, but was a good and valid instrument, creating a lien in favor of the plaintiffs to the extent of their claim.

*McClelland* v. *Remsen* (36 Barb., 622), affirmed (5 Abb. [N. S.], 250) followed. That while the defendants had the right to follow the surplus over and above the plaintiffs, claim, they did not have the right to take from the plaintiffs that which was necessary to satisfy their judgment.

APPEAL from an order of the Cattaraugus Special Term, denying motion for new trial made on a case and exceptions.

*Horace McGuire*, for the appellants.

*J. J. Inman*, for the respondents.

HAIGHT, J.:

This action was brought to recover the value of a quantity of goods alleged to have been wrongfully and unlawfully taken from the plaintiffs by the defendants. The defendants justified under an attachment. It appears that on the 27th day of October, 1882, one Simeon N. Wetmore, of Garfield, Pa., was indebted to the plaintiffs in the sum of $957.86, for which amount he confessed judgment; that on the same day he executed and delivered to the plaintiffs a bill of sale of all the goods and chattels of any kind and nature, including fixtures, in his store at Garfield, in the State of Pennsylvania, being his entire stock of goods and groceries in the store building, together with the store fixtures, in consideration of the sum of $1,000; that thereupon, and on the same day, the plaintiffs executed and delivered back to Wetmore a paper in which they agree, in consideration of the bill of sale made to them, that after their debt of $957.86 is paid out of the property mentioned in the bill of sale, and their expenses made in the matter, that they will pay the balance left from the sale of the goods to Wetmore, or any person to whom he may direct payment.

It further appears that W. G. Elyea, one of the plaintiffs' firm, immediately went to Garfield, packed up the goods in boxes, and shipped them to one L. B. Elyea, a minor son of W. G. Elyea, at Salamanca, N. Y.; that before Elyea succeeded in getting the goods out of the State of Pennsylvania they were attached at Clarendon, and he paid seventy-three dollars and fifteen cents to get them released; that on their arrival at Salamanca, N. Y., they were placed in a store, and were then again attached by the defendant Kibbe in this action, as a creditor of Wetmore, and the goods were removed from the possession of the plaintiffs.

There is no evidence in the case tending to impeach the validity of the plaintiffs' claim or judgment against Wetmore. There is no evidence that tends to establish actual fraud on their part. The fact that they saw fit to pay seventy-three dollars and fifteen cents to get the goods released from an attachment at Clarendon, Pa., and thus avoid the tying up of the goods by an attachment pending litigation in another State, does not tend to establish fraud; neither does the fact that the goods were shipped to L. B. Elyea. Whilst we confess that we can see no reason for so shipping them by W. G. Elyea, still the fact that his son was named as consignee, standing alone, would not justify the finding that the goods were transferred to the plaintiffs with intent to defraud creditors. The subsequent departure of Wetmore from this country would be a circumstance that might be taken into consideration in reference to himself, but it would not tend to show fraud on the part of the plaintiffs. Had the plaintiffs been purchasers without consideration, a different question would have been presented. The defendants, in their answer, allege that the conveyance was made without consideration, and was therefore fraudulent. They do not allege fraud in any other respect. The question is consequently narrowed to a construction of the bill of sale and paper that was given by the plaintiffs to Wetmore. As we have seen, these papers were drawn and executed at the same time and simultaneouly delivered. They must, therefore, be considered together, as forming the true contract between the plaintiffs and Wetmore. When considered together they are in substance that Wetmore, in consideration for the debt that he owed the plaintiffs, $957.86, sold to the plaintiffs the goods in question, and the plaintiffs agreed, in consideration therefor, that after their debt was paid out of the property, and their expenses in the matter, that the balance should be returned to Wetmore, or any person that he should direct.

It is now contended that this bill of sale is in violation of the statute and consequently is fraudulent and void as against creditors. The statute provides that "All deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels or things in action, made in trust for the use of the person making the same, shall be void as against the creditors, existing or subsequent of such person." (2 R. S., 135, § 1.)

In the case of *Goodrich* v. *Downs* (6 Hill, 438), it was held that where a debtor in failing circumstances, assigned his property in trust to sell and apply the proceeds towards paying four of his creditors, making no provision for the rest, and that the surplus, if any, after paying the four creditors, be returned to the assignor was void under this statute. At first glance, this case would appear to be an authority against the validity of the bill of sale in question, but upon a careful reading of the entire case it will be observed that the case is, in some respects, distinguishable. But in the case of *Curtis* v. *Leavitt* (15 N. Y., 9–114–124–143–150), the doctrine promulgated in the case of *Goodrich* v. *Downs*, was in many respects criticised and overruled. In the case of *Leitch* v. *Hollister* (4 Comstock, 211), one Walker was indebted to one Hollister and others, amounting to $3,000. Walker had a suit pending upon a building contract which had been referred to a referee. He assigned to the defendants any award or report or judgment which should follow any award or report with direction that the amount obtained should be applied in paying the indebtedness of the defendants and the balance to be returned to Walker. It was held that the statute did not apply where the assignment was to a creditor or creditors, themselves, for the purpose of securing their particular demands ; that such an assignment or transfer was, in legal effect, only a mortgage, and creates but a specific lien upon the property assigned ; that the residuary interest of the assignor may be reached by legal process or bill in equity according to the nature of the interests of the property.

In the case of *Dunham* v. *Whitehead* (21 N. Y., 131), it was held that an assignment by a debtor to a creditor, of all his personal property and choses in action, for the payment of a debt with the provision for the return of the surplus, is, in effect a mortgage, and is not void under the statute of trusts, as for the use of the person making it. That a distinction exists between a trust where the whole title vests in the trustee, and the transfer under which the debtor retains a residuary interest which remains subject to the action of creditors.

In the case of *Van Buskirk* v. *Warren* (2 Keyes, 119 ; S. C., 4 Abb. App. Dec., 457), it was held that an assignment made directly to certain creditors, for the purpose of securing their par-

ticular demands, is not an assignment in trust and is not void under the statute.

In *McClelland* v. *Remsen* (36 Barb., 622), the case, so far as this question is concerned, is on all fours with the one under consideration. It was held that an assignment to a creditor, to pay his particular debt, reserving the surplus to the debtor, was not void under the statute. BROWN, J., in delivering the opinion of the court, clearly points out the distinction between such an assignment and one made by a debtor to a trustee, upon trust, for the payment of particular and specific debts, reserving the surplus, etc. In the one case a trust was created for the benefit of others, in which the whole title passed to the assignee; in the other, it was in the nature of a chattel mortgage, merely securing the payment of the debt of the creditor, to whom the transfer was made. This case was affirmed in the Court of Appeals (5 Abb. [N. S.], 250).

In the case of *Smith* v. *Beattie* (31 N. Y., 542), it was held that a bill of sale, absolute upon its face, transferring property to be held as security for the payment of a debt due the vendee, is, in character and effect, a mortgage, and is to be treated as such. In such case the mortgagee acquires only a lien upon the assigned property. The residuary interest of the mortgagor therein may still be reached by his creditors. (See, also, *Knapp* v. *McGowan*, 96 N. Y., 75–86.)

It would thus appear that the bill of sale in question was not fraudulent upon its face, but, on the contrary, was a good and valid instrument, creating a lien in favor of the plaintiffs to the extent of their claim; that whilst the defendants had the right to follow the surplus, they did not have the right to take from the plaintiff that which was necessary to satisfy their judgment.

It follows that the order should be reversed and a new trial granted, costs to abide event.

BRADLEY, J., concurred; LEWIS, J., not sitting.

Order reversed, new trial granted, costs to abide event.