(3 App. Div. 248.)

MAHONEY v. McWALTERS et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1896.)

1. FRAUDULENT CONVEYANCES—ACTIONS TO SET ASIDE.

     A person having a mechanic's lien may sue to set aside as fraudulent a conveyance of the premises by the owner.

2. SAME.

     Where a mortgage executed to the wife of an insolvent husband, a contractor, in payment of the debt due him for the construction of the building, and therefore fraudulent as to the creditors of the husband, is by her assigned to a creditor of the husband as security for his debt before the rights of other creditors interfere, it is valid to the extent of such creditor's claim.

3. MECHANICS' LIENS—PRIORITY.

     A creditor of a contractor, who may have the right to file a mechanic's lien against the building, has not, before his notice of lien is filed, any superior right over other creditors of the contractor to have the money due from the owner to the contractor applied to his claim.

4. SAME—FRAUDULENT CONVEYANCES.

     Where a mortgage executed to the wife of a contractor by the owners of the building, in payment of the amount due the contractor, and therefore fraudulent as to the creditors of the contractor, is not assigned by the wife to a creditor of the contractor until after mechanics' liens have been filed against the building by creditors of the contractor, the mechanics' liens have preference over the mortgage.

On reargument. For decision on appeal, see 36 N. Y. Supp. 149.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Charles L. Pashley, for appellants Reddington and McWalters.

Alfred B. Cruikshank, for appellants John C. Orr & Co.

Michael J. Scanlan, for appellants Fitzpatrick and McCauley.

A. M. & G. Card, for respondent P. E. Mathews.

Robert J. Mahon, for other respondent.

CULLEN, J. The defendant Reddington made a contract with the defendant McWalters, by which the latter was to erect a house on the land of the former for the sum of $6,000. During the pro-

gress of the work, Reddington paid McWalters $2,000. McWalters performed his contract. Reddington, finding himself unable to obtain the remainder of the contract price, by an arrangement with McWalters, on September 26, 1894, executed to McWalters' wife, the defendant Mary McWalters, a mortgage for $4,000, the balance due. On October 2, 1894, the defendants Orr & Co. filed a mechanic's lien against Reddington, as owner, and McCauley, as contractor, for $849.72. At this time, McWalters owed Orr & Co. on another account, not connected with the premises in suit, $324.48. On October 10th, the defendant Mary, wife of McWalters, assigned the Reddington mortgage to Orr & Co., as security for the whole debt of her husband to them, $1,174.20. On October 9th, the defendant Mathews filed a mechanic's lien against Reddington and McWalters for $252.49. On October 17th, plaintiff filed his lien against the same parties for $521. On October 22d, McWalters made a general assignment for the benefit of creditors to the defendant John Alexander; and, on the same day, Mary McWalters assigned to the defendants Fitzpatrick and McCauley the Reddington mortgage, subject to the lien of Orr & Co. Fitzpatrick and McCauley were creditors of McWalters for moneys paid by them to discharge a mechanic's lien on other property, and this assignment was made to secure such indebtedness. Thereafter the plaintiff instituted this action to foreclose his lien, and in it sought to have the Reddington mortgage declared fraudulent and void. The trial court adjudged this mortgage and the assignments of it to Orr & Co. and to McCauley and Fitzpatrick void, and decreed a sale of the property, and that, out of the proceeds, Orr & Co., Mathews, and the plaintiff be paid the several amounts of their liens, according to their respective priorities, and that the surplus should be paid over to the general assignee. From that decree, Orr & Co., Reddington, and McWalters, and Fitzpatrick and McCauley appealed.

We entertain no doubt that the plaintiff can maintain this action to set aside the mortgage to Mary McWalters. His standing is not that merely of a general creditor, who must first obtain a lien on the property of the debtor by the recovery of a judgment and issue of execution. The lien of the plaintiff is perfect on complying with the requirement of the statute, and it is a specific lien on the particular property, similar in all respects to a mortgage. This conclusion brings us to an examination of the merits of the judgment appealed from.

The trial court justly held that the mortgage was fraudulent and void as to the creditors of McWalters, both general creditors and those who might be entitled to file mechanics' liens. McWalters was insolvent, and Reddington knew that McWalters had not paid his creditors. It is not pretended that any consideration proceeded from McWalters. The mortgage was therefore fraudulent as to creditors, but was entirely valid as between the parties, for Reddington owed the $4,000, and the mortgage was given for that indebtedness. Orr & Co. were nowise parties to this fraud. When, therefore, the mortgage was appropriated to the very persons or

class of persons in whose interests alone it could be avoided, the title acquired by such persons was not subject to be defeated. I think in this respect the case is the same in principle as that of Murphy v. Briggs, 89 N. Y. 451. At the time of the assignment to Orr & Co., neither the plaintiff nor the defendant Mathews had filed any notice of lien, and therefore the rights of no creditors had intervened. It is true that the assignment to Orr & Co. was to secure not only their claim for material furnished on this property, but for other indebtedness. But it has been distinctly held that a creditor who may have the right to file a mechanic's lien on property has not, until his lien is filed, any superior equity over general creditors, or any right to have the property or the amount due from the owner of the property to the contractor applied to the satisfaction of his claim, in preference to those of other creditors. McCorkle v. Herr-man, 117 N. Y. 297, 22 N. E. 948; Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229.

We therefore conclude that the assignment to Orr & Co. was valid, and that those defendants are entitled to be first paid out of the proceeds the whole amount of their claim. Before the assignment to the defendants Fitzpatrick and McCauley, the liens of the defendant Mathews and the plaintiff had been filed. The mortgage, except so far as pledged to Orr & Co., being void as to these lienors, the fraudulent mortgages could not give it vitality and effect by assignment even to bona fide creditors after the rights of the lienors had become vested. Schafer v. Reilly, 50 N. Y. 61. These liens must therefore be paid out of the proceeds of the sale next after payment to Orr & Co.

We do not see that we should now determine the respective rights of the general assignee and those of the defendants Fitzpatrick and McCauley. The question between those parties is not the same as between them and the lienors. The answers of the defendants do not raise, as between themselves, the issues the determination of which is necessary to decide their rights. Any surplus that may arise on the sale, after paying the claims of the plaintiff, of Mathews, and of Orr & Co., should be deposited to the credit of the action; and the rights of the other parties should be determined in proceedings to obtain the surplus. Of course, the property is not liable for any greater sum than $4,000 and interest, the amount due on the contract. If there should be a surplus in excess of that sum, it should go to Reddington, the owner of the fee, or any party claiming under him.

The judgment appealed from should be modified in accordance with this opinion, and, as modified, affirmed, with costs to defendants Orr & Co., payable out of the property. All concur.